UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC. )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>DOES 1 – 1,495 )<br>)<br>      Defendants. )<br>) | Case No. 1:11-cv-01741-**JDB** |

## **ORDER**

Hard Drive Productions, Inc. ("Hard Drive") has filed a complaint for copyright infringement against a number of unidentified defendants who have allegedly copied or distributed Hard Drive's copyrighted work "Amateur Allure – Maelynn."  Currently before the Court is [3] Hard Drive's motion for expedited discovery.  Specifically, Hard Drive seeks to serve Rule 45 subpoenas on several non-party Internet Service Providers ("ISPs") prior to a Rule 26(f) conference.  It hopes this discovery will allow it to determine the identities of the unidentified defendants.

According to Hard Drive's complaint, each unidentified defendant used a "torrent" peer-to-peer system to download Hard Drive's copyrighted work, distribute that work to others, and/or make the copyrighted work available for further distribution to others.  Compl. ¶¶ 3, 6.  Although it does not know the defendants' names, Hard Drive has identified each defendant by a unique internet protocol ("IP") address assigned by the ISP to that defendant on the date and at the time of the allegedly infringing activity.  Compl. ¶ 8.

Without the information sought by this motion, Hard Drive argues, its suit cannot proceed.  Accordingly, the Court will grant Hard Drive's motion for expedited discovery.  Hard Drive may serve Rule 45 subpoenas on the ISPs that it has identified as possessing information

1

relating to the unidentified defendants' IP addresses.  <u>See</u> Compl. Ex. A.  These subpoenas may seek information sufficient to identify each defendant, including name, address, telephone number, email address, and media access control address.  If an ISP cannot itself identify one or more of the unidentified defendants, but does identify another ISP as the entity that provided online services and/or network access to such defendants, Hard Drive may serve a subpoena on the latter ISP as well.

Any ISP that receives a subpoena shall not assess any charge to Hard Drive (1) before it provides the information requested in the Rule 45 subpoena, or (2) for IP addresses which are not controlled by the ISP, or (3) for the ISP's internal costs to notify its customers.  However, any ISP that receives a subpoena may elect to charge Hard Drive for the costs of producing the pertinent information.  In its request for costs, the ISP shall provide Hard Drive with a billing summary and supporting documentation.

Any information disclosed to Hard Drive in response to the Rule 45 subpoenas may be used by Hard Drive solely for the purpose of protecting its rights as set forth in the Complaint, and Hard Drive may not publicly disclose the names of the defendants.  If and when an ISP is served with a subpoena, the ISP shall give written notice, which may include email notice, to the subscribers in question within five business days.  If an ISP and/or any defendant wishes to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be thirty (30) days from the subpoena's date of service.  The ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. Hard Drive shall serve each ISP with a copy of this Order along with its subpoena.

Accordingly, it is hereby

**ORDERED** that [3] plaintiff's motion for expedited discovery is **GRANTED**.

3

**SO ORDERED.**

                                      /s/
                            JOHN D. BATES
                      United States District Judge

Date: October 4, 2011