UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HARD DRIVE PRODUCTIONS, INC.,

    Plaintiff,

        v.                Civil Action No. 11-1741 (JDB/JMF)

DOES 1-1,495,

    Defendants.

## ORDER

Plaintiff commenced this copyright infringement action on September 27, 2011, against numerous "John Doe" defendants, alleging that these individuals illegally shared copyrighted work over the Internet. Complaint for Copyright Infringement [#1] at 1.  On October 4, 2011, the Court granted plaintiff's motion for leave to serve Rule 45 subpoenas on various non-party Internet Service Providers ("ISPs") in an effort to identify the John Doe defendants. Order [#4] at 2.  The Court further directed that, once the ISPs received the subpoenas, they were to notify their subscribers within 5 business days so that these individuals who wished to quash the subpoena could so move within 30 days of the subpoena's date of service. Id.

The Court is now in receipt of numerous motions to quash.  The movants can be divided into the following four categories:

1. **Movants Who Identify Themselves by Name and Address**

The motions submitted by these movants will be accepted by the Court for filing and will be filed publically on the docket.

2. **Movants Who Identify Themselves by Name and Address but Seek to Proceed Anonymously**

The court is aware that certain Doe defendants have moved to quash the subpoena issued to their ISPs relying, justifiably, on the provision in Judge Bates' order that their motions would remain under seal *even* if they lost. I have now concluded, however, that no one will be permitted to proceed any further in this case without identifying himself or herself. Individuals who subscribe to the internet through ISPs simply have no expectation of privacy in their subscriber information. See U.S. v. Christie, 624 F.3d 558, 573 (3rd Cir. 2010) ("Federal courts have uniformly held that 'subscriber information provided to an internet provider is not protected by the Fourth Amendment's privacy expectation' because it is voluntarily conveyed to third parties.") (internal quotation omitted); Guest v. Leis, 255 F.3d 325, 335 (6th Cir. 2001) ("Individuals generally lose a reasonable expectation of privacy in their [subscriber] information once they reveal it to third parties."); Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577, 736 F. Supp. 2d 212, 216 (D.D.C. 2010) ("With regard to [the movant's] assertion that the information sought is 'personal,' courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to the Internet Service Providers.").

Accordingly, those persons who have already filed motions to quash have a choice to make. If they wish to have this Court consider those motions, their motions will be filed on the public docket. That means, of course, that plaintiff and any one else who accesses the docket will know who they are. If, on the other hand, they would prefer not to have their identities disclosed at this point (because their names are on the motions to quash), they will have to withdraw their motions. I will not consider any motion unless it is publically filed.

Accordingly, it is, hereby,

**ORDERED** that everyone who has, to date, filed a motion to quash under seal shall complete the attached form (which appears at the end of this Order) and mail it no later than February 1, 2012 to :

>The Honorable John M. Facciola
>U.S. Magistrate Judge
>U.S. District Court
>333 Constitution Avenue, N.W., Room 2321
>Washington DC 20001

If you fail to do so by the date above, the Court will presume that you wish to have your motion to quash considered and it will be filed on the public docket.

**3.     Movants Who Identify Themselves Solely by IP Address**

&

**4.     Movants who identify themselves solely as "John Does"**

As to the third and fourth categories of movants, because they have failed to comply with Local Rule 5.1, their motions <u>will not</u> be accepted for filing. Rule 5.1 requires that all parties filing pleading and papers with the Court provide their a name and full residence address, even if they are seeking to proceed anonymously. LCvR 5.1(e)(1). Because the Court has no way to communicate with these individuals, it is, therefore, hereby,

**ORDERED** that those individuals who have previously filed anonymous motions but who still wish to move to quash the subpoena must do so by February 1, 2012 and must comply with Rule 5.1. by providing their identifying information.

**The Court notes that because it has concluded that nobody has an expectation of privacy in his internet subscriber information, any future motions received from John Does seeking to proceed anonymously will be denied.** Finally, it is, hereby,

**ORDERED** that plaintiff transmit forthwith a copy of this Order to the ISPs who were initial recipients of plaintiff's Rule 45 subpoena. The ISPs will then transmit forthwith a copy of this Order to their subscribers.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**HARD DRIVE PRODUCTIONS, INC.,**

    **Plaintiff,**

        v.                              Civil Action No. 11-1741 (JDB/JMF)

**DOES 1-1,495,**

    **Defendants.**

**RESPONSE TO THE COURT'S ORDER**

_____      I **DO NOT** want my identity to be revealed to plaintiff and ask that, as Judge Bates previously ordered, my motion to quash remain under seal so that plaintiff will not learn my identity by seeing my name on the public docket.  I withdraw my motion to quash.

_____      I **DO** want my identity to be revealed so that the Court may consider my motion to quash and I understand that my motion will be placed on the public docket and that plaintiff and its lawyer will thereby learn my identity.

_____
Print Name

_____
Signature

_____
Date