Roberto Escobar
835 W. Warner Rd. #101-467
Gilbert, AZ 85233
(480) 648-7963
*Pro Se* Putative Defendant
escobar.notroll@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC. ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:11-CV-01741-JDB-JMF |
| ) | |
| v. ) | MOTION TO QUASH OR |
| ) | MODIFY SUBPOENA |
| JOHN DOES 1-1,495 ) | |
| ) | |
| Defendants, ) | |
| ) | |

## MOTION TO QUASH OR MODIFY SUBPOENA

### Introduction

I received a letter from my Internet Service Provider regarding a subpoena from Steele Hansmeier that commanded my ISP to disclose my personal contact information to Plaintiff. On information and belief, based on accounts[1] written by an attorney with experience in previous Steele Hansmeier cases, these subpoena notifications are followed by letters demanding cash payments to Steele Hansmeier's litigation "war chest."[2]

While requesting a settlement is a perfectly ethical and legal practice under ordinary circumstances, the present lawsuit is anything but ordinary. On information and belief, Plaintiff's counsel has filed multiple lawsuits in other federal courts that are

---

[1] Available at http://torrentlawyer.wordpress.com.

[2] http://fightcopyrighttrolls.com/faq.

1

substantially similar to the present suit because they attempt to join dozens—in this case, over a thousand—of unrelated Defendants in a single suit alleging copyright violations via BitTorrent. Plaintiff's counsel has been rebuked for filing these previous "ill-fated (as well as ill-considered)"[3] lawsuits, and has had its claims in other courts severed and dismissed for abuse of Fed. R. Civ. Proc. 20 (governing joinder).[4]

Steele Hansmeier now asserts the same abusive claims in this Court, in hopes that its forum shopping will be rewarded with cash settlements from unwary John Does. Plaintiff's counsel knows or should know by now that this litigation and associated subpoenas amount to little more than a "fishing expedition by means of a perversion"[5] of the federal discovery rules, per the adverse rulings of multiple federal judges in various courts. Undeterred, Steele Hansmeier persists in its attempt to circumvent federal law for monetary gain, and gives no regard to the costs its actions impose on its client, the John Does named in this suit, and the federal courts themselves.

I urge the Court to adopt the position of Judge Samuel Conti of the Northern

---

[3] *CP Productions, Inc. v. Does 1-300*, 1:2010-CV-06255 (N.D. Ill. Mar. 2, 2011) (Docket No. 33) (dismissing a Steele Hansmeier copyright lawsuit that attempted to join 300 defendants in one action).

[4] *Id.*; *Pacific Century International LTD v. Does 1-101*, 4:2011-CV-02533 (N.D. Cal. Jul. 8, 2011) (Docket No. 7) (severing Does 2-101); *Diabolic Video Productions, Inc v. Does 1-2099*, 5:2010-CV-05865 (N.D. Cal. May 31, 2011) (Docket No. 16) (severing Does 2-2099); *New Sensations, Inc v. Does 1-1768*, 5:2010-CV-05864 (N.D. Cal. May 31, 2011) (Docket No. 11) (severing Does 2-1768); *IO Group, Inc. v. Does 1-435*, 3:2010-CV-04382 (N.D. Cal. Dec. 15, 2010) (Docket No. 20) (severing does 2-435).

[5] *VPR Internationale vs. Does 1-1017*, 2:2011-CV-02068 (C.D. Ill. Apr. 29, 2011) (Docket No. 15) (denying Steele Hansmeier's request to issue subpoenas).

District of California that "[t]his Court does not issue fishing licenses."[6] To protect my privacy, my peace of mind, my right to individual justice, and to prevent a disastrous alteration to the Federal Rules of Civil Procedure, I respectfully request that Plaintiff's subpoena be quashed or modified and that all John Does be severed.

### Argument

Joinder should only be allowed upon proof that the 1,495 Does named in this action took part in the same transaction, or a series of related transactions. *Fed. R. Civ. Proc.* 20. Plaintiff alleges that it meets this requirement, because it monitored a BitTorrent "swarm" and thereby obtained a list of IP Addresses that downloaded some or all of a file. This file, when fully downloaded, constituted the Plaintiff's copyrighted work. Possessing the file without a license would therefore infringe Plaintiff's copyright and cause damages. Therefore, Plaintiff argues, listing the swarm's IP Addresses is sufficient to show that all 1,495 John Does obtained complete and illegal copies of the Plaintiff's work as part of the same transaction or a series of related transactions. This theory is flawed; as Judge Newcomer of the Eastern District of Pennsylvania explains, IP Addresses are not people:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3

---

[6] Millenium TGA, Inc. v. Does 1-21, 3:2011-CV-02258 (N.D. Cal. May 12, 2011) (Docket No. 8) (denying Steele Hansmeier's *ex parte* application to take early discovery against John Does).

3

through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . .

Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.[7]

Other federal courts have followed the same reasoning and concluded that "merely committing the same type of violation in the same way does not link defendants together for purposes of joinder."[8] The 1,495 acts of infringement alleged by Plaintiff were committed by unrelated defendants, at different times and locations, using different services, and will probably be subject to many different defenses. This reality makes joinder (1) impractical, and (2) improper. Principles of fundamental fairness and individual justice, not to mention the costs that would be imposed by forcing 1,495 John Does from across the country to litigate their defenses in a single District of Columbia courtroom, mandate that Plaintiff's subpoenas be quashed or modified.

To protect my rights as a putative defendant, as well as the integrity of the Federal Rules of Civil Procedure, I request that Plaintiff be denied discovery and the 1,495 John Does named in this suit have their claims severed and dismissed.

Dated: 11/22/2011                                        Respectfully submitted,

---

[7] *BMG Music, et al. v. Does 1-203*, 2004 WL 953888, *1 (E.D. Pa. 2004).

[8] *LaFace Records, LLC, et al. v. Does 1-38*, 2008 WL 544992, *2 (E.D. N.C. 2008).

4

/s/ Roberto Escobar
Roberto Escobar
*Pro se*

# CERTIFICATE OF SERVICE

I hereby certify that on 11/22/2011, I served a copy of the foregoing document, via US Mail, on:

John Steele, Esq.
Steele Hansmeier PLLC.
161 Clark St., Ste. 3200
Chicago, IL 60601