UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOES 1 – 1495, ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:11-cv-01741-JDB-JMF-SBP |

## PLAINTIFF'S RESPONSE TO KEVIN BERRY'S MOTION TO QUASH OR VACATE THE SUBPOENA

Kevin Berry ("Movant") filed a motion to quash or vacate the subpoena issued to Comcast. (ECF No. 20.) Movant denies ever infringing on Plaintiff's copyrights and instead claims that someone must have accessed his unsecured wireless router and "piggybacked" on his connection. (*Id.*) Movant's factual denial, however, is not a basis for the quashing or vacating of a subpoena.

### ARGUMENT

This brief consists of three parts. Part I argues that Movant lacks standing to bring his motion. Part II argues that Movant's motion is not before the proper court. Part III argues that Movant's factual denial is premature and not relevant to his motion.

### I.   MOVANT LACKS STANDING TO BRING HIS MOTION

Movant's motion to quash one of the multiple subpoenas issued to a nonparty Internet Service Provider ("ISP") should be denied because Movant lacks standing to bring it. When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. 9 James Wm. Moore, et al., *Moore's Federal Practice* § 45.50[3]; *see also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2459 (2d ed. 1994). In particular, a party to the action does not have standing to assert any rights of the

1

nonparty as a basis for a motion to quash or modify a subpoena. *Moore's Federal Practice* § 45.50[3]; *see also Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (citing *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967); *Shepherd v. Castle*, 20 F.R.D. 184, 188 (W.D. Mo. 1957)); *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (D. Pa. 2001) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)).

The court in *Vogue Instrument Corporation v. Lem Instruments Corporation* explained that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas." 41 F.R.D. at 348. All subpoenas issued pursuant to the Court's October 4 Order (ECF No. 4) have been issued to nonparty ISPs. The ISP that provides Internet access to Movant is the entity to which the specific subpoena at issue was directed, and the ISP is also the entity in possession and control of the information sought in the subpoena—not Movant.

The application of this well-established rule would not leave ISP subscribers without recourse, as an exception to this general rule may be applicable under certain circumstances. The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). The only exception applicable to Movant is if he had brought the motion to quash on the basis that the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). "If . . . a party claims a personal right or privilege regarding the production . . . sought by a subpoena directed to a nonparty, the party has standing to move to quash or modify the subpoena." *Moore's Federal Practice* § 45.50[3]; *see also Thomas*, 202 F.R.D. at 434. Movant failed to claim a personal right of privilege anywhere in his motion. (*See generally* ECF No. 20.) Movant's motion should therefore be denied, as he lacks standing to bring any argument to quash or vacate the subpoena.

## II. MOVANT'S MOTION IS NOT BEFORE THE PROPER COURT

Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena that . . .") (emphasis added.) *See also In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("only the issuing court has the power to act on its subpoenas . . . and nothing in the rules even hints that any other court may be given the power to quash or enforce them."); *Pacific Century International, Ltd., v. Does 1-30*, No. 11-3035 (S.D. Tex. Nov. 16, 2011), ECF No. 10 ("[t]he authority to rule on motions regarding subpoenas is vested in the court for the district from which they are issued."). Movant's ISP is Comcast. The subpoena to Comcast was issued from the Northern District

of Illinois to best facilitate service on Comcast's authorized agent. *See In re Sealed Case*, 141 F.3d 337, 342 (D.C. Cir. 1998) (writing that the vesting of powers regarding subpoenas in the subpoena-issuing court "affords the nonparty deponent . . . territorial protection"). Although the authorization to serve Rule 45 subpoenas comes from this Court, the power to quash or enforce those subpoenas lies solely with the courts from which the relevant subpoenas were issued. *SEC v. CMKM Diamonds, Inc.*, 2011 U.S. App. LEXIS 17833, *7-8 (9th Cir. Aug. 26, 2011) ("On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena.") Movant's motion should be denied for failing to bring it before the proper court.

///

///

### III. MOVANT'S FACTUAL DENIAL IS PREMATURE AND NOT RELEVANT TO HIS MOTION

Movant denies personally infringing Plaintiff's copyrights, and argues that his "wireless router was unsecured . . . and I was piggybacked by an unauthorized user." (ECF No. 20.) A general denial of liability, however, is not a basis for quashing Plaintiff's subpoena. *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *2 (D.D.C. May 12, 2011) (Howell, J.) ("A general denial of liability is not a basis for quashing the plaintiff's subpoena."); *First Time Videos, LLC v. Does 1–500*, No. 10-C-6254 (N.D. Ill. Aug. 9, 2011) (Castillo, J.), ECF No. 151 ("A general denial of liability is not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit."); *MCGIP, LLC v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at *1 (N.D. Ill. June 9, 2011) (Kendall, J.) ("A general denial of engaging in copyright infringement . . . is not a basis for quashing a subpoena."); *MCGIP, LLC v. Does 1–18*, No. C-11-1495 EMC, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) ("[T]he merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable.").

The proper time to raise these factual denials is after Movant has actually been identified and named as a party in this lawsuit— the latter being a step that Plaintiff may or may not choose to take based on its own evaluation of Movant's assertions. *Voltage Pictures*, 2011 WL 1807438, at *2; *see also Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). The Court should deny the instant motion because Movant's factual denial is premature and not relevant to his motion.

## CONCLUSION

Movant's motion should be denied. Movant lacks standing to bring his motion. Movant's motion is not before the proper court. Movant's factual denials are premature and not relevant to his motion.

Respectfully submitted,

HARD DRIVE PRODUCTIONS, INC.

**DATED:** January 5, 2012

By:     /s/ Paul Duffy
          Paul A. Duffy, Esq.
          D.C. Bar Number: IL0014
          Prenda Law Inc.
          161 N. Clark St., Suite 3200
          Chicago, IL 60601
          Telephone: (312) 880-9160
          Facsimile: (312) 893-5677
          E-mail: paduffy@wefightpiracy.com
          *Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 5, 2012, I have caused a true copy of the foregoing to be served up the following individuals by U.S. Mail First Class, postage prepaid:

Roberto Escobar
835 W. Warner Road, #101-467
Gilbert, AZ 85233

Kevin Berry
830 Main St., Unit G
Belleville, NJ 07109

Daniel M. Kelly, Esq.
FRATAR, KERN & KELLY, LLP
1441 Main Street, Suite 630
Springfield, MN 01103

Gretchen Martin
8545 London Bridge Way
Lutherville, Maryland 21093

                                            /s/ Paul Duffy
                                            PAUL A. DUFFY