UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOES 1 – 1495, ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:11-cv-01741-JDB-JMF-SBP |

### PLAINTIFF'S RESPONSE TO MILDRED LAPORTE'S MOTION TO QUASH

Mildred Laporte ("Movant"), through attorney Daniel M. Kelly, filed a motion to quash the subpoena issued to Comcast. (ECF No. 21.) Movant argues that "a person cannot be commanded to produce material he neither control nor possess." (*Id.*) Movant, however, has not been commanded to produce any material as the subpoena was issued to Comcast, and not Movant. Further, Movant argues that attorney Daniel M. Kelly has been recently retained to determine whether or not the information sought by the subpoena is protected or privileged. (*Id.*) The fact that attorney Daniel M. Kelly may determine at some later time that information sought in the subpoena is protected or privileged is not a basis for quashing the subpoena in the present motion to quash.

### ARGUMENT

This brief consists of three parts. Part I argues that Movant lacks standing to bring the motion. Part II argues that Movant's motion is not before the proper court. Part III argues that Movant's argument that a person cannot be commanded to produce material they neither control nor possess is moot because Movant was not commanded to produce any material.

1

## I.   MOVANT LACKS STANDING TO BRING THIS MOTION

Movant's motion to quash one of the multiple subpoenas issued to a nonparty Internet Service Provider ("ISP") should be denied because Movant lacks standing to bring it. When a subpoena is directed to a nonparty, any motion to quash the subpoena generally must be brought by that nonparty. 9 James Wm. Moore, et al., *Moore's Federal Practice* § 45.50[3]; *see also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2459 (2d ed. 1994). In particular, a party to the action does not have standing to assert any rights of the nonparty as a basis for a motion to quash or modify a subpoena. *Moore's Federal Practice* § 45.50[3]; *see also Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (citing *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967); *Shepherd v. Castle*, 20 F.R.D. 184, 188 (W.D. Mo. 1957)); *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (D. Pa. 2001).

The court in *Vogue Instrument Corporation v. Lem Instruments Corporation* explained that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas." 41 F.R.D. at 348. All subpoenas issued pursuant to the Court's October 4 Order (ECF No. 4) have been issued to nonparty ISPs. The ISP that provides Internet access to Movant is the entity to which the specific subpoena at issue was directed, and the ISP is also the entity in possession and control of the information sought in the subpoena, not Movant.

The application of this well-established rule would not leave ISP subscribers without recourse, as an exception to this general rule may be applicable under certain circumstances. The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). The only exception applicable to Movant is if the motion to quash had been brought on the basis that the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). "If . . . a party claims a personal right or privilege regarding the production . . . sought by a subpoena directed to a nonparty, the party has standing to move to quash or modify the subpoena." *Moore's Federal Practice* § 45.50[3]; *see also Thomas*, 202 F.R.D. at 434. While Movant makes vague allusions to possibly identifying protected or privileged material in the future, Movant failed to actually *claim* a personal right of privilege anywhere in the motion. (*See generally* ECF No. 21.) Movant's motion should therefore be denied, as Movant has failed to establish standing to quash the subpoena.

## II. MOVANT'S MOTION IS NOT BEFORE THE PROPER COURT

Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena that . . .") (emphasis added.) *See also In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("only the issuing court has the power to act on its subpoenas . . . and nothing in the rules even hints that any other court may be given the power to quash or enforce them."); *Pacific Century International, Ltd., v. Does 1-30*, No. 11-3035 (S.D. Tex. Nov. 16, 2011), ECF No. 10 ("[t]he authority to rule on motions regarding subpoenas is vested in the court for the district from which they are issued."). Movant's ISP is Comcast. The subpoena to Comcast was issued from the Northern District of Illinois to best facilitate service on Comcast's authorized agent. *See In re Sealed Case*, 141 F.3d 337, 342 (D.C. Cir. 1998) (writing that the vesting of powers regarding subpoenas in the subpoena-issuing court "affords the nonparty deponent . . . territorial protection"). Although the authorization to serve Rule 45 subpoenas comes from this Court, the power to quash or enforce those subpoenas lies solely with the courts from which the relevant subpoenas were issued. *SEC v. CMKM Diamonds, Inc.*, 2011 U.S. App. LEXIS 17833, *7-8 (9th Cir. Aug. 26, 2011) ("On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena.") Movant's motion should be denied for failing to bring it before the proper court.

## III. MOVANT HAS NOT BEEN COMMANDED TO PRODUCE ANY MATERIAL AS COMCAST IS THE RECIPIENT OF PLAINTIFF'S SUBPOENA

Movant argues that "a person cannot be commanded to produce material he neither controls nor possess." (ECF No. 21.) Every subpoena issued pursuant to the Court's October 4 Order (ECF No. 4) has been issued to nonparty ISPs and not to individual Internet subscribers, such as Movant.

## CONCLUSION

Movant's motion should be denied. Movant lacks standing to bring this motion. Movant's motion is not before the proper court. Movant has not been commanded to produce any materials in the subpoena issued to Comcast.

                                          Respectfully submitted,

                                          HARD DRIVE PRODUCTIONS, INC.

**DATED:** January 5, 2012

                        By:     /s/ Paul Duffy
                                  Paul A. Duffy, Esq.
                                  D.C. Bar Number: IL0014
                                  Prenda Law Inc.
                                  161 N. Clark St., Suite 3200
                                  Chicago, IL 60601
                                  Telephone: (312) 880-9160
                                  Facsimile:  (312) 893-5677
                                  E-mail: paduffy@wefightpiracy.com
                                  *Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 5, 2012, I have caused a true copy of the foregoing to be served up the following individuals by U.S. Mail First Class, postage prepaid:

Roberto Escobar
835 W. Warner Road, #101-467
Gilbert, AZ 85233

Kevin Berry
830 Main St., Unit G
Belleville, NJ 07109

Daniel M. Kelly, Esq.
FRATAR, KERN & KELLY, LLP
1441 Main Street, Suite 630
Springfield, MN 01103

Gretchen Martin
8545 London Bridge Way
Lutherville, Maryland 21093

                                                      /s/ Paul Duffy
                                                      PAUL A. DUFFY