## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HARD DRIVE PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-01741-JDB-JMF-SBP |
| | ) | |
| DOES 1 – 1495, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S RESPONSE TO ROBERTO ESCOBAR'S MOTION TO QUASH OR MODIFY SUBPOENA

Roberto Escobar ("Movant") filed a motion to quash or modify the subpoena issued to his Internet Service Provider ("ISP"). (ECF No. 19.) Movant does not explain why the subpoena should be quashed or modified, and instead, argues that joinder of the Defendants in this case is improper (*id.* at 3-4) and makes several *ad hominem* attacks against Plaintiff's counsel. (*Id.* at 1-2.) These claims, however, are not a basis for the quashing or modifying a subpoena.

### ARGUMENT

This brief consists of three parts. Part I argues that Movant's motion suffers from several procedural defects. Part II argues that joinder is proper at this early stage of litigation. Part III argues that Movant's *ad hominem* attacks are not a basis for quashing the subpoena.

### I.   MOVANT'S MOTION CONTAINS SEVERAL PROCEDURAL DEFECTS

The motion brought by Movant should be denied because it contains several fatal procedural defects. First, Movant has not demonstrated he has any connection to this case. Second, Movant lacks standing to quash a subpoena issued to a third party. Third, Movant has not demonstrated that his motion is before the correct court.

## A. MOVANT HAS NOT DEMONSTRATED ANY CONNECTION TO THIS ACTION

Movant did not identify his Internet Protocol ("IP") address, name his ISP, or attach any legal documents he may have received in this case. As a result, this Court cannot be sure that Movant has any legal status in this case. Movant could simply be someone who dislikes copyright infringement lawsuits and decided to file a motion in this case. Because the Court cannot determine if Movant has standing as an interested person in this case, Movant's motion should be denied as improper. *IO Group, Inc. v. Does 1–244*, No. C 10-03647 WHA (N.D. Cal. May 10, 2011) ("There is no way to determine whether the motion was filed by a real party in interest or a stranger to the litigation. As such, the filing is improper.").

## B. MOVANT LACKS STANDING TO BRING HIS MOTION TO QUASH A SUBPOENA ISSUED TO A THIRD PARTY

When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. 9 James Wm. Moore, et al., *Moore's Federal Practice* § 45.50[3]; *see also Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *Shepherd v. Castle*, 20 F.R.D. 184, 188 (W.D. Mo. 1957); *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (D. Pa. 2001) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)). In particular, Movant does not have standing to assert any rights of the nonparty as a basis for a motion to quash or modify a subpoena. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."). All subpoenas issued pursuant to the Court's October 4 Order (ECF No. 4) were issued to nonparty ISPs. The ISP that provides Internet access

to Movant is the entity to which the specific subpoena at issue was directed, and the ISP is also the entity in possession and control of the information sought in the subpoena—not Movant.

The application of this well-established rule would not leave ISP subscribers without recourse, as an exception to this general rule may be applicable under certain circumstances. The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). The only exception applicable to Movant is if he had brought the motion to quash on the basis that the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). "If . . . a party claims a personal right or privilege regarding the production . . . sought by a subpoena directed to a nonparty, the party has standing to move to quash or modify the subpoena." *Moore's Federal Practice* § 45.50[3]; *see also Thomas*, 202 F.R.D. at 434. Movant failed to claim a personal right of privilege anywhere in his motion. (*See generally* ECF No. 19.)

Further, even if Movant had raised a personal privilege or privacy right it would fail. Subscribers do not have an expectation of privacy in their subscriber information because they already conveyed the information to their ISPs. *See Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577*, 736 F. Supp. 2d 212, 216 (D.D.C. 2010) ("With regard to [the movant's] assertion that the information sought is 'personal,' courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their Internet Service Providers."). Movant's motion should therefore be denied, as he lacks standing to bring any argument to quash or modify the subpoena issued to his non-party ISP.

///

///

## C. MOVANT'S MOTION MAY NOT BE BEFORE THE PROPER COURT

Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena that . . .") (emphasis added); *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("only the issuing court has the power to act on its subpoenas . . . and nothing in the rules even hints that any other court may be given the power to quash or enforce them."). Many of the subpoenas in this case were issued from courts outside of the District of Columbia in order to best facilitate service on authorized agents. *See In re Sealed Case*, 141 F.3d at 342 (writing that the vesting of powers regarding subpoenas in the subpoena-issuing court "affords the nonparty deponent . . . territorial protection"). Although the authorization to serve Rule 45 subpoenas comes from this Court, the power to quash or enforce those subpoenas lies solely with the courts from which the relevant subpoenas were issued. *SEC v. CMKM Diamonds, Inc.*, 2011 U.S. App. LEXIS 17833, *7-8 (9th Cir. Aug. 26, 2011) ("On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena."). Because Movant failed to provide the Court with information to determine which court issued the subpoena Movant seeks to quash, the Court has no way of knowing whether it has the authority to grant Movant the relief he seeks. His motion should, therefore, be denied.

## II. JOINDER IS PROPER AT THIS EARLY STAGE OF THE LITIGATION

Movant argues that Plaintiff's has improperly joined the Defendants in this case. (ECF No. 3-4.) However, courts considering other cases with nearly-identical facts have decided that such issues are premature at this stage in the litigation. *Imperial Enters., Inc. v. Does 1-3,545*, No. 11-00529 (RBW) (D.D.C. Aug. 30, 2011), ECF No. 43 at *2-3 (rejecting similar misjoinder

arguments in multiple motions to quash and explained that these arguments have been "ultimately rejected by several other members of this Court in similar cases . . .") (citing cases); *First Time Videos, LLC, v. Does 1-76*, No. 11-03831 (N.D. Ill. Aug. 16, 2011), ECF No. 38 at *10 ("[I]n any event, findings of misjoinder in such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery."); *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (citing *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873 (BAH), 2011 WL 1807438, at *4 (D.D.C. May 12, 2011)) (finding joinder "proper" at early stage of litigation, even where movant's assertion of misjoinder "may be meritorious"); *Hard Drive Productions, Inc., v. Does 1-46*, C-11-1959 EMC, ECF No. 22 at *2 (N.D. Cal. June 23, 2011) ("At this state in the litigation, when discovery is underway only to learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified only by IP addresses is proper.").

In support of his misjoinder argument, Movant offers up numerous cases involving different file transfer protocols, different pleadings and different procedural contexts. The decisions in *Laface Records, LLC v. Does 1-38*, No. 07-cv-00298, 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. 2007) and *BMG Music, et al. v. Does 1-203*, 2004 WL 953888 (E.D. Pa. 2004), both cited by Movant (ECF No. 19 at 4) are plainly distinguishable from the instant case. Indeed, in the cited cases the plaintiffs did not allege any collaboration among the defendants, much less infringement of the *same copyrighted work*. For example, Doe #1 in *LaFace* was alleged to have infringed on the copyrighted works of recordings artists Outkast, Pink Floyd, Pete Yorn, Nelly, Radiohead, Incubus, Beck, Foo Fighters, and the Red Hot Chili Peppers, while Doe #2 was alleged to have infringed on the copyrighted works for recordings artists Celine Dion, Mariah Carey, Sarah McLachlan, TLC, DMX, Dixie Chicks, Good Charlotte, and Ja Rule—no overlap

whatsoever. Complaint for Copyright Infringement, Exhibit A, *LaFace Records*, No. 07-cv-00298, 2008 U.S. Dist. LEXIS 14544, ECF No. 1. Indeed, the plaintiffs in these cases simply alleged that similar violations occurred, using similar technologies. *See, e.g.*, Complaint for Copyright Infringement, ¶ 20, *LaFace Records*, No. 07-cv-00298, 2008 U.S. Dist. LEXIS 14544, ECF No. 1 ("[E]ach Defendant is alleged to have committed violations of the same law (e.g., copyright law), by committing the same acts (e.g., the downloading and distribution of copyrighted sound recordings owned by Plaintiffs), and by using the same means (e.g., a file-sharing network) that each Defendant accessed via the same ISP.") The courts in the cases cited by Movant found such allegations to be insufficient for joiner, but Plaintiff's allegations in this case involve allegations of collaboration among the defendants.

### III. MOVANT'S *AD HOMINEM* ATTACKS ON PLAINTIFF DO NOT PROVIDE A BASIS FOR QUASHING THE SUBPOENA

Movant accuses Plaintiff's counsel of "demanding cash payments," "forum shopping," and "attempt[ing] to circumvent federal law for monetary gain." (ECF No. 19 at 1-2.) The list of permissible grounds for quashing or modifying a subpoena does not include *ad hominem* attacks. *See* Fed. R. Civ. P. 45(c)(3).

Over 200 years ago, the framers of the U.S. Constitution recognized that written works and other forms of artistic expression were deserving of legal protection. U.S. Const. art. I, § 8. These fundamental principles regarding protecting and fostering artistic creation did not disappear simply because artistic works have transitioned from tangible to digital. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 928–29 (2005) (citing the concern that "digital distribution of copyrighted material threatens copyright holders as never before"). The digital age, however, has allowed infringement to occur on a massive scale. Plaintiff's counsel is attempting to stem the tide of unabashed copyrighted infringement via BitTorrent.

While Movant goes to great lengths to portray Plaintiff's counsel in a negative light, there is nothing wrong with a copyright holder focused on protecting intellectual property—except, of course, from the perspective of an infringer.

## CONCLUSION

Movant's motion should be denied. Movant's motion suffers from several procedural defects. Joinder is proper at this early stage of litigation. Movant's *ad hominem* attacks are not a basis for quashing the subpoena.

Respectfully submitted,

HARD DRIVE PRODUCTIONS, INC.

**DATED:** January 5, 2012

By:    /s/ Paul Duffy
Paul A. Duffy, Esq.
D.C. Bar Number: IL0014
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile:   (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 5, 2012, I have caused a true copy of the foregoing to be served up the following individuals by U.S. Mail First Class, postage prepaid:

Roberto Escobar
835 W. Warner Road, #101-467
Gilbert, AZ 85233

Kevin Berry
830 Main St., Unit G
Belleville, NJ 07109

Daniel M. Kelly, Esq.
FRATAR, KERN & KELLY, LLP
1441 Main Street, Suite 630
Springfield, MN 01103

Gretchen Martin
8545 London Bridge Way
Lutherville, Maryland 21093


              /s/ Paul Duffy
              PAUL A. DUFFY