**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOES 1-1,495 ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No.: 1:11-cv-01741-JDB-JMF <br><br> Judge Bates <br><br> Magistrate Judge Facciola |

**MOTION OF AMICUS CURIAE ELECTRONIC FRONTIER FOUNDATION FOR EMERGENCY STAY OF MAGISTRATE JUDGE'S DECEMBER 21, 2011 ORDER AND FOR LEAVE TO FILE BRIEF SEEKING RECONSIDERATION OF SAME**

Amicus Electronic Frontier Foundation ("EFF") moves the Court to stay the public filing of motions to quash that were previously filed under seal, which is to occur on February 1, 2012 per Magistrate Judge Facciola's Order of December 21, 2011.  EFF further moves for leave to file a brief seeking reconsideration of that Order. The brief is attached hereto.  EFF brings this motion on the basis of the accompanying Memorandum of Points and Authorities and the record before the Court.

| | |
|---|---|
| Dated: January 29, 2012 | ELECTRONIC FRONTIER FOUNDATION |
| | /s/ Mitchell L. Stoltz |
| | MITCHELL L. STOLTZ (DC Bar No. 978149) |
| | *mitch@eff.org* |
| | CORYNNE MCSHERRY |
| | *corynne@eff.org* |
| | JULIE P. SAMUELS |
| | *julie@eff.org* |
| | ELECTRONIC FRONTIER FOUNDATION |
| | 454 Shotwell Street |
| | San Francisco, CA  94110 |
| | Telephone: (415) 436-9333 |
| | Facsimile: (415) 436-9993 |
| | |
| | Attorneys for Amicus Curiae |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     Introduction**

The Electronic Frontier Foundation ("EFF") respectfully requests that this Court stay the public filing of motions to quash that were filed under seal. EFF also requests leave to file a brief *amicus curiae* seeking reconsideration of the order. EFF realizes its request is somewhat unorthodox, and that the normal time for filing such a motion has passed. However, it seeks leave to file because no one currently before this Court represents the interests of most of the anonymous Doe Defendants whom Plaintiff Hard Drive Productions, Inc. ("HDP") seeks to unmask, and because the putative defendants who have filed motions to quash have been required to forfeit their anonymity in order to defend it. Precisely because it is not a party, EFF did not learn of the Order until January 9, but moved as expeditiously as possible to prepare the materials accompanying this Motion. EFF strongly believes that the Court would benefit from an explanation of (a) the context of the recent nationwide campaign of mass end-user litigation against allegedly infringing downloaders; (b) the substantive and procedural safeguards that protect the Doe Defendants, in particular the First Amendment protections for anonymous speech; and (c) the importance of scrupulously applying those rules given the fundamental due process flaws raised by this case.

A stay is vital because, per Magistrate Judge Facciola's Order of December 21, 2011, the motions to quash that were filed under seal will be filed publicly on February 1, 2012, revealing the anonymous defendants' identities to HDP. With respect, we believe that Order was based on a fundamental error in that it did not consider, much less address, the speech concerns inherent in depriving the Does of their anonymity. As described further in EFF's principal brief, defendants have a First Amendment right to speak anonymously that should not be forfeited as a prerequisite to being heard in court. And, at the very least, it should not be forfeited without careful consideration of the important constitutional consequences of doing so. As this Court recognized in a recent opinion, to reveal Doe Defendants' identities by placing their motions to quash on the public docket would effectively moot their arguments for anonymity. *See*

1

*Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010). Therefore, EFF respectfully requests that the Court stay the filing of the sealed motions to quash on the public docket pending reconsideration of its Order, so that it may evaluate the arguments set forth in the accompanying brief.

## II.     Interest of Amicus

EFF is a non-profit, member-supported civil liberties organization working to protect rights in the digital world. EFF actively encourages and challenges industry, government and the courts to support free expression, privacy, and openness in the information society. Founded in 1990, EFF is based in San Francisco, California. EFF has members all over the United States and maintains one of the most linked-to websites (http://www.eff.org) in the world.

As part of its mission, EFF has served as counsel or *amicus* in several cases in which plaintiffs have attempted to sue hundreds or even thousands of anonymous John Doe defendants from all over the country in a single lawsuit, alleging copyright infringement, often of a single pornographic movie. For example, EFF was appointed attorneys *ad litem* to represent 670 Doe defendants in a similar case in the Northern District of Texas[1] and has participated as *amicus* in numerous others nationwide.[2] While EFF takes no position on the merits of the actual copyright claims in these cases, it is deeply concerned that the litigation tactics commonly used by the plaintiffs bypass basic due process and First Amendment protections that should apply to every defendant, in every lawsuit. Outside the courtroom, EFF offers resources for the many Does in these cases who are seeking counsel and trying to understand the nature of the litigation in which they have become embroiled.[3] It has also played a leading role in educating the public about the

---

[1] *Mick Haig Prods. v. Does 1 – 670*, No. 3:10-cv-01900 (N.D. Tex. Oct. 25, 2010).
[2] *See, e.g.*, *Millenium TGA Inc. v. Does 1 – 800*, No. 1:10-cv-05603 (N.D. Ill Mar. 31, 2011); *OpenMind Solutions, Inc. v. Does 1 – 2,925*, No. 3:11-cv-00092 (S.D. Ill. Mar. 25, 2011); *First Time Videos, LLC v. Does 1 – 500*, No. 1:10-cv-06254 (N.D. Ill. Jan. 14, 2011); *Call of the Wild Movie LLC v. Does 1 – 1,062*, No. 1:10-cv-0455 (D.D.C. Jan. 3, 2011); *Third World Media LLC v. Does 1 – 1,243*, No. 3:10-cv-0090 (N.D.W.Va. Nov. 23, 2010).
[3] For example, EFF's website includes pages regarding subpoena defense resources and mass copyright litigation. *Subpoena Defense Resources*, Electronic Frontier Foundation, https://www.eff.org/issues/file-sharing/subpoena-defense; *Copyright Trolls*, Electronic Frontier Foundation, https://www.eff.org/issues/copyright-trolls.

latest developments in these cases.[4] In short, EFF has been deeply involved in these cases almost from their inception, allowing it to offer the Court a unique perspective.

EFF seeks leave to file its *amicus* brief in this action because the Plaintiff seeks to use the authority of this Court to identify thousands of Doe Defendants, in contravention of appropriate jurisdiction principles and well-settled First Amendment jurisprudence. Especially as there is no indication that most of the targets of the Complaint are aware of these proceedings, EFF respectfully requests that it be permitted to appear in order to submit to the Court a discussion of the relevant legal landscape.

As EFF will explain in detail in its brief, the federal courts protect the rights of individual defendants with procedural and substantive safeguards that counsel against both a blanket requirement preventing the Does from filing anonymously, and the mass litigation tactics HDP has employed. These safeguards are essential to our legal process and must be considered before this case is allowed to proceed and the Does deprived of their right to anonymity.

EFF's concerns are based, in part, on the context of the case. This litigation is the latest iteration of a disturbing trend of mass copyright cases, in which more than 200,000 people have been sued in lawsuits around the country since March 2010. These cases do not appear to be filed with the intention of litigating them. Instead, it seems that in these cases the plaintiffs' lawyers hope to take advantage of the threat of an award of statutory damages and attorneys' fees, the ignorance of those sued about their potential defenses, and the burden of litigating in a foreign jurisdiction to induce the anonymous defendants into settling the case for a payment of roughly $1,500 to $2,500 dollars.[5] It is no coincidence that this amount is less than a defendant

---

[4] *See, e.g.*, Amanda Becker, *New District Law Group Tackles Movie File-sharing*, Wash. Post (June 14, 2010), http://www.washingtonpost.com/wp-dyn/content/article/2010/06/11/AR2010061105738.html; Greg Sandoval, *EFF's Cohn Fights Copyright's 'Underbelly'*, CNET (Oct. 19, 2010), http://news.cnet.com/8301-31001_3-20020028-261.html.

[5] Indeed, plaintiffs' counsel in these cases has made public statements to this effect. *See, e.g.*, John Council, *Adult Film Company's Suit Shows Texas Is Good for Copyright Cases,* Tex. Lawyer (Oct. 4, 2010), http://www.law.com/jsp/tx/PubArticleTX.jsp?id=1202472786304; *Porn Titans Come Together to Expose Pirates*, The Independent (Sept. 27, 2010), http://www.independent.co.uk/arts-entertainment/films/porn-titans-come-together-to-expose-pirates-2090786.html.

3

would likely have to spend just to hire a lawyer to defend the case.[6] Thus, the Court's decision on whether Plaintiff will be able to obtain the identities of the Defendants may be the last chance that the Court has to ensure that the Defendants are treated justly.

### III. Conclusion

For the foregoing reasons, EFF respectfully requests leave to file an *amicus curiae* brief, and supplemental documents thereto, and further requests that the Court exercise its authority to stay its December 21, 2011 Order pending careful reconsideration of the arguments raised in that brief.

Dated: January 29, 2012        ELECTRONIC FRONTIER FOUNDATION

        /s/ Mitchell L. Stoltz
MITCHELL L. STOLTZ (DC Bar No. 978149)
*mitch@eff.org*
CORYNNE MCSHERRY
*corynne@eff.org*
JULIE P. SAMUELS
*julie@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Amicus Curiae

---

[6] As EFF will describe in its brief, strong defenses exist for many sued. For almost all Defendants, this Court simply lacks personal jurisdiction.

5

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 30, 2012, I caused a true copy of the foregoing to be served upon the following individuals by U.S. First Class Mail, postage prepaid:

Roberto Escobar
835 W. Warner Road, #101-467
Gilbert, AZ  07109

Kevin Berry
830 Main Street, Unit G
Belleville, NJ  07109

Daniel M. Kelly, Esq.
FRATAR, KERN & KELLY, LLP
1441 Main Street, Suite 630
Springfield, MN  01103

Gretchen Martin
8545 London Bridge Way
Lutherville, Maryland  21093

                                          /s/ Mitchell L. Stoltz
                                  MITCHELL L. STOLTZ