UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-01741-JDB-JMF-SBP |
| ) | |
| DOES 1 – 1495, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF
*AMICUS CURIAE* ELECTRONIC FRONTIER FOUNDATION FOR LEAVE TO FILE**

Plaintiff Hard Drive Productions, Inc. submits this memorandum of law in opposition to the motion for leave to file an *amicus curiae* brief made by the non-party Electronic Frontier Foundation ("EFF"). The EFF is opposed to any effective enforcement and litigation of intellectual property law, which seeks a platform by which to advance its agenda. The Court retains full discretion over whether to allow or deny the participation of an *amicus curiae*, and should carefully consider the prospect of allowing a radical interest group to participate here, especially at this stage of the litigation. The EFF's arguments have been considered and rejected by courts nationwide, including within this District. Because the EFF fails to demonstrate that this action fits the limited circumstances which may make participation by an *amicus curiae* appropriate, the Court should deny the EFF's motion for leave to file as an *amicus curiae*. Denial of the EFF's motion would serve the interests of justice and prevent needless delay.

## LEGAL STANDARD

"[I]t is solely within the discretion of the Court to determine the fact, extent, and manner of participation by [an] *amicus*." *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003). In this context, the Court has previously adopted the limitations on *amicus curiae* briefs established by

the U.S. Court of Appeals for the Seventh Circuit. *See id.* (citing with approval *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)); *Georgia v. Ashcroft*, 195 F. Supp. 2d 25, 33 (D.D.C. 2002) (citing with approval *National Organization for Women v. Scheidler*, 223 F.3d 615 (7th Cir. 2000)). Such limitations are necessary, especially at the trial-court level, because *amicus curiae* briefs may create a "real burden on the court system" and may even represent "attempts to inject interest-group politics" into the judicial process. *See National Organization for Women*, 223 F.3d at 616–17. The policy of the Court should therefore be "not to grant rote permission to file an *amicus curiae* brief," but instead to grant leave only in three limited circumstances. *Id.* at 617.

The three limited circumstances in which it is appropriate to grant leave to file an *amicus curiae* brief are:

> 1. [W]hen a party is not represented competently or is not represented at all,
> 2. [W]hen the *amicus* has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the *amicus* to intervene and become a party in the present case), or
> 3. [W]hen the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

*Cobell*, 246 F. Supp. 2d at 62 (citing *Ryan*, 125 F.3d 1062, 1064). Where the circumstances enumerated above are not present or are found lacking, the Court should deny a motion for leave to file a brief as *amicus curiae*. *Id.* ("Otherwise, leave to file an *amicus curiae* brief should be denied.").

## ARGUMENT

The EFF is an anti-intellectual property group which appears in the present action merely in order to obstruct or delay Plaintiff's copyright infringement litigation. The EFF's arguments have been considered and rejected by other courts, and can only cause delay here. Furthermore,

the EFF's proposed participation as *amicus curiae* is precisely the kind of "attempt[] to inject interest-group politics" into litigation which prompted the judicial creation of enumerated limitations on *amicus curiae* filings. *National Organization for Women*, 223 F.3d at 617. The EFF cannot convincingly demonstrate that its participation here would be appropriate or helpful, and so the Court should exercise its discretion to deny the EFF's motion for leave to file.

1. ***The EFF's Arguments Have Previously Been Considered and Rejected By Other Courts, Including Those Within This District.***

The EFF has appeared in many such cases across the United States, and the arguments raised by the EFF have been considered at length—and ultimately rejected—by other courts, including within this District. *See, e.g.*, *Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F. Supp. 2d 332, *passim* (D.D.C. 2011) (Howell, J.). As such, allowing the participation of the EFF here would likely serve no purpose but to delay the administration of justice. The EFF's crusade continues, despite their lack of success, not out of any concern for proper application of the law. Rather, the EFF is a group with a deep disdain for both intellectual property law and for the law generally, in any sphere in which the law might touch the Internet.

2. ***The EFF Is a Radical Special-Interest Group Generally Opposed to Any Effective Or Efficient Enforcement of Intellectual Property Law***

The overriding mission of the EFF has been to shield the Internet from effective regulation—"defending it from the intrusion of territorial government." Jack L. Goldsmith & Tim Wu, *Who Controls the Internet?: Illusions of a Borderless World* 18 (2006). This mission is radical, quasi-anarchist, and intrinsically opposed to any effective enforcement of intellectual property rights. Purporting to speak on behalf of "Cyberspace," a co-founder of the EFF (who presently serves on its Board of Directors) has warned the "Governments of the Industrial World" that "[y]our legal concepts of property, expression, identity, movement, and context do

not apply to us." John Perry Barlow, *A Declaration of the Independence of Cyberspace* (Feb. 8, 1996), *available at* https://projects.eff.org/~barlow/Declaration-Final.html.

In recent years, the EFF's efforts to convince Internet Service Providers to "obscure [and] delete as much data as possible"—in order to make law enforcement efforts impossible—have been cited by the U.S. Department of Justice as "unintentionally the best argument for Congress to intervene" in setting national data retention standards. *Data Retention As a Tool for Investigating Internet Child Pornography and Other Internet Crimes: Hearing Before the Subcomm. on Crime, Terrorism, and Homeland Security of the H. Comm. on the Judiciary*, 112th Cong. 63 (2011) (statement of Jason Weinstein, Deputy Assistant Att'y Gen., United States Department of Justice), *available at* http://judiciary.house.gov/hearings/printers/112th/112-3_63873.pdf.

The Court should reject the idea that an interest group like the EFF can help the Court by providing any unique insight or perspective. While the EFF's perspective may indeed be unique, their history of advocating lawlessness on the Internet suggests that their purpose is not to help this Court administer justice, but to hinder and obstruct the process. The idea that a group which denies that the legal concept of property exists at all in the context of the Internet should be given a platform to opine on how intellectual property law should be properly enforced (or not) is wholly fatuous.

> **3.** *The EFF Cannot Convincingly Show the Court That Its Participation Here Would Be Appropriate.*

At this stage of the litigation, the EFF cannot convincingly demonstrate that its participation would be appropriate under existing case law. No Doe Defendant has yet been named or served with process; Plaintiff is currently the only party in this action. All parties at this time are therefore adequately and competently represented by counsel. Thus, the EFF cannot

demonstrate that the first circumstance which might justify participation by an *amicus curiae* exists at this time. Further, the EFF alleges no direct interest in any litigation which might be affected by the outcome of the present case. Thus, the EFF cannot demonstrate that the second circumstance which might justify participation by an *amicus curiae* exists here. Finally, as described in Part 2, the EFF has no unique information or perspective that might help the Court. Rather, the EFF is precisely the kind of special-interest advocacy group which the limitations on participation by *amicus curiae* were designed to exclude. Thus, the EFF cannot demonstrate that the third circumstance which might justify participation by an *amicus curiae* exists here. Because the EFF's fails to demonstrate any of the enumerated justifications for participation by an *amicus curiae*, the Court should deny its request.

## CONCLUSION

For all of the above reasons, the Court should deny the motion of the EFF for leave to file as *amicus curiae*. Such denial would serve the interests of justice and prevent needless delay in Plaintiff's meritorious copyright infringement litigation.

Respectfully submitted,

HARD DRIVE PRODUCTIONS, INC.

**DATED:** January 30, 2012

By:    /s/ Paul Duffy
PAUL A. DUFFY (D.C. Bar # IL0014)
Law Offices of Paul Duffy
2 N. LaSalle Street, 13th Floor
Chicago, IL  60602
Telephone: (312) 952-6136
Facsimile:   (312) 346-8434
E-mail: pduffy@pduffygroup.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 30, 2012, I have caused a true copy of the foregoing to be served up the following individuals by U.S. Mail First Class, postage prepaid:

Roberto Escobar
835 W. Warner Road, #101-467
Gilbert, AZ 85233

Kevin Berry
830 Main St., Unit G
Belleville, NJ 07109

Daniel M. Kelly, Esq.
FRATAR, KERN & KELLY, LLP
1441 Main Street, Suite 630
Springfield, MN 01103

Gretchen Martin
8545 London Bridge Way
Lutherville, Maryland 21093


    /s/ Paul Duffy
    PAUL A. DUFFY