1 Movant IP 67.181.43.116
Michelle Murphy
2 8309 Terrace Drive
Stockton, CA 95212
3 Tel: (209) 609-8063
Email: michelle_murphy76@yahoo.com
4
In Pro Per
5

6

7

8                    UNITED STATES DISTRICT COURT

9                        DISTRICT OF COLUMBIA

10 HARD DRIVE PRODUCTIONS, INC          )   CASE NO. 1:11-CV-01741-JDB
                                        )
11                                      )   **RE-FILED MOTION OF NONPARTY**
            Plaintiff                   )   **TO QUASH AND VACATE**
12                                      )   **SUBPOENA, OR IN THE**
   v.                                   )   **ALTERNATIVE, TO SEVER,**
13                                      )   **COMBINED WITH POINTS AND**
   DOES 1 – 1,495                       )   **AUTHORITIES**
14                                      )
            Defendants                  )
15                                      )   THIS FILING IS TO BE DEEMED
                                        )   FILED UNDER SEAL PURSUANT TO
16                                      )   THE COURT'S ORDER DATED
                                        )   NOVEMBER 2, 2011
17                                      )
                                        )
18 _____    )

19       Movant IP 67.181.43.116 ("Movant") respectfully requests that the Court quash and

20 vacate the subpoena, served by Plaintiff upon Comcast Cable Communications ("Comcast")

21 pursuant to this Court's October 4th, 2011 Order permitting expedited discovery, to the extent the

22 subpoena requires Comcast to produce Movant's identifying information.  This motion is made

23 on the grounds that: (i) Plaintiff had not established grounds sufficient to overcome Movant's

24 right to privacy and anonymity, (ii) Movant is improperly joined in this action, (iii) the

25 connection between an IP address and Movant is speculative, (iv) the connection between

26 Movant and an IP address is speculative at best, (v) forcing disclosure of Movant's identity is an

27                                            1

28

1  unreasonable burden upon Movant and (vi) Movant is not subject to jurisdiction in the District of

2  Columbia and must be sued, if at all, in Movant's home state.  In the alternative Movant requests

3  the Court sever Movant from this case.

4

5  **I.    INTRODUCTION**

6

7      In late October 2011, Movant received a letter from its Internet provider, Comcast, that

8  advised Movant that it had until November 21, 2011 to object to the release of personal identity

9  information.  Attached to the notice was a copy of this Court's October 4, 2011 Order from

10 which it appears that a complaint, filed on behalf of Hard Drive Production Ltd., apparently

11 alleges that 1,495 doe defendants all join in a civil conspiracy to illegally download a movie

12 entitled "Amateur Allure- Maelynn" through a file sharing protocol called "torrent."

13

14     Movant is a thirty-fiv (35) year old mother of a six (6) year old child, residing in

15 California and studying nursing.  Movant has never heard of and has no connection with Plaintiff

16 or Plaintiff's "movie".  Movant has no connection with the District of Columbia, has never been

17 to the District of Columbia, has never transacted business with Plaintiff or anyone located in the

18 District of Columbia and Movant cannot afford to travel to the District of Columbia to defend

19 this action.

20

21     Movant respectfully objects to the release of its personal and identity information by

22 Comcast, for the reasons set forth below.

23

24

25

26

27                                          2

28

1
2

## II.   MOVANT'S IDENTITY IS ENTITLED TO PROTECTION AND SHOULD NOT BE RELEASED.

3     The right to speak anonymously is a cherished right, especially in the age of virtual speech
4  through the Internet. **(Macintyre v. Ohio Elections Commission,** 514 U.S. 334, 349 (1995);
5  **McMann v. Doe,** 460 F.Supp.2d 259, 266 n. 35 (D Mass. 2006); **ACLU v. Miller,** 97 F. Supp.
6  1228, 1231 (ND GA 1997).  The Court should protect Movant's right to keep its identity private.
7
8     A court order granted to a private party is a form of state action subject to constitutional
9  limitations. (New York Times Co. v. Sullivan, 376 U.S. 254, 265 (1964); Shelley v. Kraemer,
10  334 U.S. 1 (1948). A violation of an individual's First Amendment rights constitutes irreparable
11  injury. (Elrod v. Burns, 427 U.S. 347, 373-374 (1976).
12
13     Plaintiff in this case is notorious for bringing massive lawsuits filed throughout the
14  country, which encompass hundreds and thousands of individual citizens as party defendants
15  without any facts linking those individuals to any of the conduct alleged in the lawsuit.  Indeed,
16  Plaintiff does not care to link those citizens to the lawsuit because Plaintiff's business practice is
17  not to follow through in the lawsuits against these target victims, it is to shake the victims down
18  and extort a quick nuisance cash settlement by threatening to disclosure of the identity of the
19  victim and subject them to public embarrassment by an alleged connection with downloaded
20  internet porn.  This is not a proper purpose of a lawsuit.  The Court's process should not be
21  available to aid in Plaintiff's scheme.
22
23     An order to compel production of one's identity threatens the exercise of fundamental
24  rights, and is "subject to the closest scrutiny." **(NAACP v. Alabama,** 357 U.S. 449, 461 (1958).
25  **Bates v. City of Little Rock,** 361 U.S. 516, 524 (1960).) The Ninth Circuit has warned that
26  "[t]he subpoena power is a substantial delegation of authority to private parties, and those who
27
28

3

1  invoke it have a great responsibility to ensure it is not abused." **(Theofel v. Farey-Jones,** 359
2  F.3d 1066, 1074 (9th Cir. 2004).)

3

4      Here, if the Court does not quash plaintiff's subpoena for Movant's identity, an innocent
5  person will be irreparably injured because once Movant's anonymity is lost, it cannot be
6  recovered.

7

8      **III.    JOINDER OF MOVANT IN THIS CASE IS IMPROPER.**

9

10      Joinder of Movant in this action is improper because Movant is but one of more than one
11  thousand four hundred different target defendants known only by an IP address used to allegedly
12  commit internet download acts at different times and places, each with unique computer network
13  configurations, unique computer hardware, unique computer usage, an through many different
14  internet service providers.  Plaintiff strategically chose to join over one thousand four hundred
15  unrelated IP addresses in a single action, rather than file individual suits.  But joinder of parties is
16  only proper, under Fed. Rule of Civ. Proc. Rule 20(a)(2), when a right to relief arises out of "the
17  same transaction, occurrence or series of transactions or occurrences and (B) any question of law
18  or fact common to all defendants will arise in the action."

19

20      Attempts to join numerous defendants in a single action for copyright infringement over
21  person-to-person networks historically have failed. (See **Interscope Records v. Does 1-25,** 200
22  U.S. Dist. LEXIS 27782 (MD FL 2004); Elektra Ent. Group, Inc. v. Does 1-9, 2004 WL 2095581
23  (SD NY 2004).)

24

25      For example, one court previously held in copyright suits against users of sophisticated
26  person-to-person networks that "no factual allegations to support the assertion that the Does

27                                                    4

28

1  defendants are connected to the same transaction, occurrence or series of transactions or
2  occurrences, or any facts that show they specifically acted in concert," justified severance of the
3  doe defendants. **IO, Group, Inc. v. Does 1-435**, Case No. 10-cv-4382, 2011 WL 445043 at *3
4  (ND CA 2010).)  Under Fed. Rule of Civ. Proc. Rule 20(b ), the Court may sever claims or
5  parties to avoid prejudice and assure fairness to both sides. (**Coleman v. Quaker Oats Co**., 232
6  F.3d 1271, 1296 (91h Cir. 2000).) Here, there is no greater prejudice and unfairness than
7  revealing an innocent person's identity and private Internet computer usage.

8

9      In a similar case to this one, Judge Spero of the United States District Court for the
10  Northern District of California painstakingly analyzed joinder case law developed prior to and
11  after the BitTorrent technology, and found "the court remains unpersuaded that the peer-to-peer
12  architecture of the BitTorrent technology justifies the joinder of otherwise unrelated defendants
13  in a single action." (**Hard Drive Productions, Inc. v. Does 1-188**, Case Number 11-cv  01566
14  (ND Cal. 2011), Order, August 23, 2011.)

15

16      Judge Spero found that "merely infringing the same copyrighted work over this period [is]
17  not enough," and that "each defendant also will likely have a different defense," quoting from
18  **BMG Music v. Does 1-203**, 2004 WL 953888 (ED Pa 2004) (Id.).  Judge Spero held that the 188
19  doe defendants did not participate in the same transaction or occurrence, or the same series of
20  transactions or occurrences, and that their joinder was improper under Rule 20(a). As a result, all
21  doe defendants except one, was severed and dismissed in order to avoid prejudice and unfairness
22  to the doe defendants, and in the interest of justice. The motion to quash in the Hard Drive case
23  was granted. (Id.)

24

25      This case seems identical to the Hard Drive case, with conclusory allegations of multiple
26  doe defendants using the BitTorrent protocol over multiple ISPs covering wide periods of time.

27                                         5

28  _____

These same circumstances led to very recent decisions from the federal courts that severely restricted requests for expedited discovery. (See **AF Holdings LLC v. Does 1-97**, 11-cv-03067 (ND Cal. 2011); **Hard Drive Productions, Inc. v. Does 1-58**, 11-cv-02537 (ND Cal. 2011).)  In one very recent case, a court found that 5,000 doe defendant were improperly joined because the allegation of downloading the same file did not establish that each doe defendant was engaged in the same transaction or occurrence. (**On the Cheap, LLC v. Does 1-5011**, 10-cv-4472 (ND Cal. 2010), Order Severing Doe Defendants 1-16 and 18-5011, Sept. 6, 2011.) On September 12, 2011, that court ordered plaintiff's subpoena quashed. (Order, Sept. 12, 2011.)

Here, Movant was improperly joined with 1,495 other IP addresses where individuals purportedly acted over a period of time through many different ISPs each with unique computer usage, to download an unspecified portion of file or files.  Here, there is no unifying common question of fact to 1495 unique defendants, and no common action shared by as many defendants over any period of time.

Moreover, there is no connection between Movant's IP address and Movant, as it relates to the alleged downloading.  "The mere allegation that defendants have used the same peer-to-peer network to infringe a copyrighted work is insufficient to meet the standards for joinder set forth in Rule 20.' (**Coughlin v. Rogers**, 130 F .3d 1348, 1350 (9th Cir. 1997).

As a result of over-reaching misjoinder, plaintiff's subpoena should be quashed an Vacated, and Movant should be served from this action.

6

## VI.   THE CONNECTION BETWEEN MOVANT AND AN IP ADDRESS IS SPECULATIVE

Plaintiff asks this Court to equate an IP address, obtained by uncertain geo-location technology reliability, with a flesh-and-blood person, Movant, in order to obtain Movant's identity.  IP address tracing by geo-location technology is not equivalent to scientific DNA testing or fingerprint technology. There is no certainty who uses an internet network at any time, or whether the wi fi signal was intercepted by an unauthorized user or hacked by a criminal.  The accuracy of geo-location technologies is affected by source problems, namely accurate geo-location data linking an IP addresses to a physical location and reallocation of such links, and circumvention problems, namely, how sophisticated computer users can circumvent geo-location tracking. (The Legal Implications of Geo-identification by Dan Svantesson, Law Prof., Bond Univ., Australia, July, 2005, p. 3.)  "With a $50 wireless antenna and the right software, a criminal hacker located outside your building as far as a mile away can capture passwords, email messages and other [information]." (CNET, "The Unvarnished Truth About Unsecured Wi-Fi," by Elinor Mills Nov. 1st, 2010.)

Perhaps this is why, in a very similar case, an anonymous California grandmother was served with a subpoena to disclose her identity, based solely upon her IP address. (SFGate, "Law Firm Drops Suit Against East Bay Porn Granny.' Aug. 30, 2011.) When the actual perpetrator was located, the anonymous grandmother was unapologetically dropped from the suit. (Id.)

Because the connection between Movant and an IP address is speculative, the Court should quash and vacate plaintiffs subpoena as to the disclosure of Movant's identifying information.

## V.   THE SUBPOENA PLACES AN UNDUE BURDEN ON MOVANT.

The Fed. Rules of Civ. Proc., Rule 45(c)(3)(ii) & (iii) requires that a subpoena be quashed when undue burden is placed on a movant.  In this case, Movant resides on the west coast, thousands of miles from the courthouse in the District of Columbia.  It would place an undue burden upon Movant to have to defend any of Movant's right in this action.

Furthermore, the subpoena will require Movant to reveal his/her identity, which is protected from discovery by, among other sources, the California Constitution's right of privacy (Cal. Constn. Article 1, sec. 1.) and the previously cited constitutional protections of anonymous internet usage.  Any conduct by Movant related to Plaintiff's claims will have occurred in California and Movant remains entitled to the protections of California's law and Constitution.

For the reason that the subpoena places an undue burden on Movant, the subpoena should be quashed and vacated.

## VI.   MOVANT SHOULD NOT BE SUBJECTED TO THE JURISDICTION OF THIS COURT.

The purpose of the subpoena is to disclose Movant's identity as a listed **"Doe"** in the above styled case, a placeholder name used when a defendant's true identity is unknown. See generally, **Plant v. Does**, 19 F. Supp. 2d 1316, 1320 (S.D. Fla. 1998).  Once the Plaintiff has ascertained the name of the defendant through the process of discovery, or in the instant case, through their subpoena, the plaintiff must amend the complaint to name the defendant and effect service of process. **Slaughter v. City of Unadilla**, 2008 U.S. Dist. LEXIS 8350 (M.D. Ga. 2008).   After amending the Plaintiff's complaint to reflect the disclosed Movant's identity, Movant would be subjected to the personal jurisdiction of this Court located in the District of

8

1  Columbia without Movant having ANY connection with the District, without Movant transacting

2  any business in the District and without any other sufficient minimum contacts.  See **GTE New**

3  **Media Servs. v. Bell South Com.**, 199 F.3d 1343, 1347 (D.C. Cir. 2000). See also

4  **International Shoe Co. v. Washington**, 326 U.S. 310, 316 (1945).

5

6      Federal cases with personal jurisdiction analysis under internet activity have repeatedly

7  dismissed complaints for want of personal jurisdiction unless a contractual relationship exists

8  with a party located within the state to establish sufficient minimum contacts, and no such

9  relationship has been plead by the Plaintiff.  See **GTE New Media Servs. v. BellSouth Com.**,

10 199 F.3d 1343, 1348- 49 (D.C. Cir. 2000) (citing **Bensusan Restaurant Com v. King**, 126 F. 3d

11 25, 29 (2d Cir. 1997); **Mink v. AAAA Development. LLC**, 190 F.3d 333, 336-37 (5th Cir.

12 1999); **Cybersell. Inc. v. Cybersell. Inc** .130 F.3d 414, 419-420 (9th Cir. 1997).

13

14     Plaintiff is fully aware of this court's lack of personal jurisdiction over Movant and is

15 simply using this Court to obtain information to subject the undersigned to improper jurisdiction,

16 for the improper purpose of burdening and harassing Movant as part of plaintiff's effort to extort

17 a nuisance settlement.  Having brought a plethora of nearly identical cases across the country,

18 Plaintiff is undoubtedly aware that IP addresses may be located geographically to determine the

19 proper jurisdiction without such John Doe discovery. See e.g., 16 Alb. L.J. Sci. & Tech. 343,

20 356 (discussing IP geolocation technologies).  Plaintiff could easily determine that Movant

21 probably lives in California.

22

23     Further, Movant contests the personal jurisdiction of this court over the ISP on which the

24 subpoena was served and demands strict proof thereof.

25

26

27

28

9

1   Upon compliance from the ISP with the information requested, the John Doe identity will

2   be established and the case will immediately be amended, and the undersigned will be added as a

3   party to the case, causing an undue burden sufficient enough for this court to quash the subpoena

4   at issue in this motion. Requiring individuals from across the country to litigate in this district

5   creates exactly the sort of hardship and unfairness that the personal jurisdiction requirements

6   exist to prevent.  Allowing Plaintiff to proceed without quashing this subpoena would allow

7   general jurisdiction in any federal court against any person across the country, or the world, so

8   long as the claim involved a John Doe defendant and internet use, and such precedent violates

9   due process as it offends "traditional notions of fair play and substantial justice" as guaranteed by

10   the U.S. Constitution. See **International Shoe Co. v. Washington**, 326 U.S. 310,31

11

12   **VII.   CONCLUSION.**

13

14   For all of the reasons set forth above, and in the interests of justice, Movant respectfully

15   request the Court to quash plaintiffs civil subpoena so that Movant's anonymous identity is not

16   revealed and Movant's communications are protected from unwarranted disclosure.  In the

17   alternative, Movant requests the Court sever Movant from this case.

18

19   Dated: December 13, 2011                    Respectfully,

20

21                                              Michelle Murphy, In Pro Per
                                                Movant IP 67.181.43.116
22

23

24

25

26

27                                        10

28

1   Movant IP 67.181.43.116
    Michelle Murphy
2   8309 Terrace Drive
    Stockton, CA 95212
3   Tel: (209) 609-8063
    Email: michelle_murphy76@yahoo.com
4
    In Pro Per
5

6

7

8                   UNITED STATES DISTRICT COURT

9                      DISTRICT OF COLUMBIA

10  HARD DRIVE PRODUCTIONS,INC          )   CASE NO. 1:11-CV-01741-JDB
                                        )
11                                      )   **RE-FILED DECLARATION OF**
                                        )   **MOVANT**
12              Plaintiff               )
                                        )
13  v.                                  )   THIS FILING IS TO BE DEEMED
                                        )   FILED UNDER SEAL PURSUANT TO
14  DOES 1 – 1,495                      )   THE COURT'S ORDER DATED
                                        )   NOVEMBER 2, 2011
15              Defendants              )
                                        )
16                                      )
                                        )
17                                      )
                                        )
18  _____)

19       I, Michelle Murphy, Movant IP 67.181.43.116, declare,

20       1.      I am a thirty-five (35) year old mother of a six (6) year old child, residing in

21  California and studying nursing.

22       2.      In late October 2011, I received a letter from my Internet provider, Comcast, that

23  advised that I had until November 21, 2011 to object to the release of personal identity

24  information.  Attached to the notice was a copy of this Court's October 4, 2011 Order from

25  which it appears that a complaint, filed on behalf of Hard Drive Production Ltd., apparently

26

27
                                            1
28

                                                  Re-Filed Declaration of Movant
                                                  Case No: 1:11-CV-01741-JDB

1  alleges that I am one of 1,495 doe defendants all join in a civil conspiracy to illegally download a

2  movie entitled "Amateur Allure- Maelynn" through a file sharing protocol called "torrent."

3      3.      I have never heard of and have no connection with Plaintiff or Plaintiff's "movie".

4      4.      I have no connection with the District of Columbia, have never transacted business

5  with Plaintiff or anyone located in the District of Columbia.

6      5.      I cannot afford to travel to the District of Columbia to defend this action.  Indeed, I

7  cannot afford to hire an attorney in this case.

8      6.      I declare under penalty of perjury under the laws of the State of California and the

9  Law of the United States that the forgoing is true and correct and that this declaration is executed

10 this 13th day of December, 2011 in California.

11

12

13                                                                        Michelle Murphy, In Pro Per
                                                                          Movant IP 67.181.43.116

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

IN THE UNITED STATES DISTRICT COURT DISTRICT OF COLUMBIA

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC | Hearing Date: |
| Plaintiff/Petitioner | CASE NO: **1:11-CV-01741-JDB** |
| vs.<br>**DOES 1-1,495** | AFFIDAVIT OF SERVICE OF:<br>**DECLARATION OF MOVANT; MOTION OF NONPARTY TO QUASH AND VACATE SUBPOENA OR IN THE ALTERNATIVE, TO SEVER, COMBINED WITH POINTS AND AUTHORITIES** |
| Defendant/Respondent | |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

## REGULAR MAILING

On the date of ___December 21, 2011___, affiant then deposited in the United States mail, in the county where the property is situated, the above described documents with proper postage to:

**COMCAST NE&TO**
**650 CENTERTON Road**
**MOORESTOWN, NJ 08057**

DATED this _21_ day of _December_, 20_11_.

_____
Susan Adams

District of Columbia: SS
Subscribed and Sworn to before me
this _21_ day of _December_, 20_11_

_____
Notary Public, D.C.
My commission expires ___6/30/2016___

FOR: **R-miscellaneous**
REF: **1:11-CV-01741-JDB**

ORIGINAL AFFIDAVIT OF
SERVICE

Tracking #: **7061114** SEA



IN THE UNITED STATES DISTRICT COURT DISTRICT OF COLUMBIA

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC<br><br>Plaintiff/Petitioner<br><br>vs.<br>DOES 1-1,495<br><br>Defendant/Respondent | Hearing Date:<br><br>CASE NO:<br>**1:11-CV-01741-JDB**<br><br>AFFIDAVIT OF SERVICE OF:<br>**DECLARATION OF MOVANT; MOTION OF NONPARTY TO QUASH AND VACATE SUBPOENA OR IN THE ALTERNATIVE, TO SEVER, COMBINED WITH POINTS AND AUTHORITIES** |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

## REGULAR MAILING

On the date of ___December 21, 2011___, affiant then deposited in the United States mail, in the county where the property is situated, the above described documents with proper postage to:

**STELLE HANSMELER PLLC**
**161 N CLARK Street SUITE 3200**
**CHICAGO, IL 60601**

DATED this _21_ day of _December_ , 20 _11_ .

_Susan Adams_ (signature)

Susan Adams

District of Columbia: SS
Subscribed and Sworn to before me
this _21_ day of _December_ , 20 _11_

_____
Notary Public, D.C.
My commission expires ___6/30/2016___

FOR: **R-miscellaneous**
REF: **1:11-CV-01741-JDB**

ORIGINAL AFFIDAVIT OF
SERVICE

Tracking #: **7061115 SEA**



Movant I.P. 67.181.43.116
Michelle Murphy
8309 Terrace Drive
Stockton, CA 95212
209.609.8063
michelle_murphy76@yahoo.com

January 25, 2012

The Honorable John M. Facciola
U.S. Magistrate Judge
U.S. District Court
333 Constitution Avenue, N.W., Room 2321
Washington, D.C. 20001

Re:     *Hard Drive Productions, Inc. v. Does 1-1,1495*
        United States District Court for the District of Columbia
        Docket No.:  1:11-cv-01741-JDB

Honorable John M. Facciola,

1. Pursuant to the Court Order dated December 21, 2012 in the above-referenced matter, I have enclosed the required form in Response to the Court's Order indicating that I do want my motion to quash to be considered by the Court.

2. Pursuant to the Court Order a re-filed Motion to Quash the subpoena, vacate the subpoena, or in the alternative to sever was filed with the U.S. District Court in Washington D.C. on December 21, 2011. A copy of the first page of that Motion with appropriate time date stamp from the Court is enclosed.

        I trust this resolves any questions. If the Court has any further concerns please contact me immediately.

Sincerely,

Michelle Murphy