UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Hard Drive Productions, LLC ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Chaim Rochester ) <br> ) <br> ,*pro se* ) <br> 802-399-6681 ) <br> and multiple John Does ) <br> ) <br> Defendants, ) | Civil Action No. (or Docket No.) <br><br> 1:11-cv-01741-JDF-JMF |

## MOTION FOR PROTECTIVE ORDER

This motion is pursuant to Rule 37, F. R. Civ. Pr., and is for a protective order to be issued in the above styled case, and files this motion not to make an appearance, but to contest personal jurisdiction, and is made by the undersigned who states that:

1. The undersigned has complied with Rule 37(1) in that he has conferred with the party failing to make disclosure or discovery, namely, his internet service provider, who provided notice of the underlying action and the expressed opportunity to file a motion to quash a subpoena.

2. Notice is not required to all parties under the rule.

3. This is filed in the court where the discovery is to be taken on a non-party, pursuant to Rule 37(2).



4. The purpose of the various filings by the undersigned is to protect his identity from being disclosed to the Plaintiff and automatically subjecting himself to the jurisdiction of this court.

5. The authority of this motion is based on principles higher than statutory authority, that of personal jurisdiction guaranteed by the constitution. See, International Shoe Co. v. Washington, 326 U.S. 310 (1945).

WHEREFORE, the undersigned would respectfully request an order protecting his identity, substantially in the form of "John Doe #XXXX (identity protected) has filed motion for protective order in this case, and all filings shall be redacted to eliminate personal information when electronically docketed."

Dated this 21 day of November, 20 2011.

Respectfully submitted,

X _____, pro se

Name: Chaim Rochester
Address Ln1: 14 Mary St.
Address Ln2:
City, State, Zip: S. Burlington   VT   05403
Phone Number: 802-399-6681

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Hard Drive Productions, LLC <br> Plaintiff, <br><br> v. <br><br> Chaim Rochester <br> 802-399-6681 ,*pro se* <br> and multiple John Does <br><br> Defendants. | Civil Action No. (or Docket No.) <br><br> 1:11-cv-01741-JDF-JMF |

## MOTION TO QUASH AND/OR VACATE SUBPOENA AND INCORPORATED MEMORANDUM OF LAW

THE UNDERSIGNED, pro se, moves the court, pursuant to Fed. R. Civ. P. 45(c)(3), and limits his appearance for the purposes of contesting jurisdiction, for an order quashing the subpoena served on Comcast, the internet service provider (ISP) of the undersigned, seeking information relating to subscriber information of a certain IP address, and states that:

1. The undersigned was not the direct recipient of the subpoena at issue in this case, but is instead an end user of the above named Internet Service Provider (ISP), but has standing to file this motion to quash pursuant to the personal right and privilege of protection of information, identity, rights of jurisdiction, and undue



burden of travel. See Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685 (D. Kan. 1995).

2. The purpose of the subpoena issued to the undersigned is to disclose my identity as a listed "Doe" in the above styled case, a placeholder name used when a defendant's true identity is unknown. See generally, Plant v. Does, 19 F. Supp. 2d 1316, 1320 (S.D. Fla. 1998).

3. Once the Plaintiff has ascertained the name of the Defendant through the process of discovery, or in the instant case, through their subpoena, the plaintiff must amend the complaint to name the defendant and effect service of process. Slaughter v. City of Unadilla, 2008 U.S. Dist. LEXIS 8350 (M.D. Ga. 2008).

4. After amending the Plaintiff's complaint to reflect the disclosed identity, the undersigned would be subjected to the personal jurisdiction of a lawsuit filed in the District Court for the District of Columbia, without transacting any business in the District of Columbia, and without any other sufficient minimum contacts. See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000). See also International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

5. Federal cases with personal jurisdiction analysis under internet activity have repeatedly dismissed complaints for want of personal jurisdiction unless a contractual relationship exists with a party located within the state to establish sufficient minimum contacts, and no such relationship has been plead by the Plaintiff. See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1348-49 (D.C. Cir. 2000) (citing Bensusan Restaurant Corp v. King, 126 F. 3d 25, 29 (2d Cir. 1997); Mink v. AAAA Development, LLC, 190 F.3d 333, 336-37 (5th

Cir. 1999); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419-420 (9th Cir. 1997).

6. Plaintiff is fully aware of this court's lack of personal jurisdiction of the undersigned, and is simply using this court to obtain information to subject the undersigned to this jurisdiction, as the Plaintiff is aware that IP addresses may be located geographically to determine the proper jurisdiction without such John Doe discovery. See e.g., 16 Alb. L.J. Sci. & Tech. 343, 356 (discussing IP geo-location technologies). See also Universal City Studios Productions LLLP v. Franklin, 2006 U.S. Dist. Ct. Motions 748729, 9, n4 (N.D. Ind. Sept. 26, 2006) (plaintiff's memorandum of law seeking default judgment for copyright infringement over the internet, discussing geolocation of an ISP and claiming that statutory damages were reasonably related to the hiring of MediaSentry, whereupon investigation of the location of the ISP, they would file a John Doe suit in the jurisdiction where the ISP is located in order to serve discovery).

7. Further, the undersigned contests the personal jurisdiction of this court over the ISP on which the subpoena was served and demands strict proof thereof.

8. Upon compliance from the ISP with the information requested, the John Doe identity will be established and the case will immediately be amended, and the undersigned will be added as a party to the case, causing an undue burden sufficient enough for this court to quash the subpoena at issue in this motion. Requiring individuals from across the country to litigate in this district creates exactly the sort of hardship and unfairness that the personal jurisdiction requirements exist to prevent.

9. Allowing Plaintiff to proceed without quashing this subpoena would allow general jurisdiction in any federal court against any person across the country, or the world, so long as the claim involved a John Doe defendant and internet use, and such precedent violates due process as it offends "traditional notions of fair play and substantial justice" as guaranteed by the U.S. Constitution. See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

WHEREFORE the undersigned Defendant prays this honorable court quash the subpoena requesting subscriber information relating to my IP address issued against the Internet Service Provider in the instant case, and suspend discovery pursuant to the local rules.

The undersigned would respectfully request an order protecting his identity, ubstantially in the form of "The dubpoena seeking information from regarding John Doe #XXXX (identity protected), is hereby quashed."

Dated this 21 day of November, 20 2011.

Respectfully submitted,

X_____, pro se

Name: Chaim Rochester
Address Ln1: 14 Mary St.
Address Ln2:
City, State, Zip: S. Burlington   VT   05403
Phone Number: 802-399-6681

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Hard Drive Productions, LLC<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Chaim Rochester<br><br>802-399-6681　　　　　　*,pro se*<br>and multiple John Does<br><br>　　　　　　　　Defendants, | Civil Action No. (or Docket No.)<br><br>1:11-cv-01741-JDF-JMF |

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INCORPORATED MEMORANDUM OF LAW

THE UNDERSIGNED, pro se, moves the court, pursuant to Fed. R. Civ. P. 12(b)(2), and limits his appearance for the purposes of contesting jurisdiction, for an order dismissing the above case against the undersigned, and states that:

*Lack of Personal Jurisdiction*

1. The Plaintiff bears the burden of demonstrating personal jurisdiction. RAR, Inc., v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997).

2. Federal cases with personal jurisdiction analysis under internet activity have repeatedly dismissed complaints for want of personal jurisdiction unless a contractual relationship exists with a party located within the state to establish sufficient minimum contacts, and no such relationship has been plead by the



1

Plaintiff. See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1348-49 (D.C. Cir. 2000) (citing Bensusan Restaurant Corp v. King, 126 F. 3d 25, 29 (2d Cir. 1997); Mink v. AAAA Development, LLC, 190 F.3d 333, 336-37 (5th Cir. 1999); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419-420 (9th Cir. 1997).

3. Plaintiff is fully aware of this court's lack of personal jurisdiction of the undersigned, and is simply using this court to obtain information to subject the undersigned to this jurisdiction, as the Plaintiff is aware that IP addresses may be located geographically to determine the proper jurisdiction without such John Doe discovery. See e.g., 16 Alb. L.J. Sci. & Tech. 343, 356 (discussing IP geo-location technologies). See also Universal City Studios Productions LLLP v. Franklin, 2006 U.S. Dist. Ct. Motions 748729, 9, n4 (N.D. Ind. Sept. 26, 2006) (plaintiff's memorandum of law seeking default judgment for copyright infringement over the internet, discussing geolocation of an ISP and claiming that statutory damages were reasonably related to the hiring of MediaSentry, whereupon investigation of the location of the ISP, they would file a John Doe suit in the jurisdiction where the ISP is located in order to serve discovery).

4. Upon compliance from the ISP with the subpoena of the Plaintiff in this case, the John Doe identity will be established and the case will immediately be amended, and the undersigned will be added as a party to the case, and immediately the court will lack personal jurisdiction. Requiring individuals from across the country to litigate in this district creates exactly the sort of hardship and

unfairness that the personal jurisdiction requirements exist to prevent. See International Shoe at 311. See also U.S. Const. amend. XIV.

5. Allowing Plaintiff to proceed with their complaint against the defendant violates due process as it offends "traditional notions of fair play and substantial justice" as guaranteed by the U.S. Constitution. See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

*Impermissive Joinder*

6. Plaintiff has joined many multiple defendants in this action, pursuant to Fed. R. Civ. P. 20 which states:

    "Persons . . . maybe joined in one action as defendants if:

    (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

    (B) any question of law or fact common to all defendants will arise in the action."

7. Logically, many separate cases that would not be proper for joinder will share questions of law, but by the very nature of the available defenses to this copyright infringement, it follows that each defendant is likely to have different facts in their defense, and therefore have different questions involving different areas of law, each having their own alleged separate behavior.

8. The courts have ordered severance of lawsuits involving similar alleged transactions of copyright infringement. See e.g., LaFace Records, LLC v. Does 1-

38, 2008 WL 544992 (E.D.N.C. Feb 27, 2008) (stating that the same type of violation does not allow for joinder of defendants); BMG Music v. Does 1-4, 2006 U.S. Dist. Lexis 53237, at 5-6 (N.D. Cal. July 31, 2006) (court severed defendants where only connection was they used the same ISP); Interscope Records v. Does 1-25, 2004 U.S. Dist LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended severance of multiple defendants where they used the same ISP and P2P network for copyright infringement); Twentieth Century Fox Film Corp., et al., v. Does 1-12, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (copyright suit against twelve John Doe defendants, court permitted discovery of first Doe defendant but stayed case as to remaining Does until plaintiff could demonstrate proper joinder).

9. Based on the available defenses of all defendants, and separate set of facts and law surrounding, each potential defendant, the Plaintiff has impermissibly joined multiple defendants in violation of Rule 20, Fed. R. Civ. P.

WHEREFORE, the undersigned Defendant prays that this honorable court dismiss the Plaintiff's complaint as it pertains to the undersigned for lack of personal jurisdiction, or in the alternative, to remove the case from this court to a proper location, and the undersigned moves for a severance of all Defendants, or in the alternative, the undersigned moves for a severance of the case against him/her personally from the rest of the Defendants.

The undersigned proposes an order similar in form to: "The case against "John Doe #4000 (identity protected)" is hereby dismissed."

5

Dated this 21 day of November , 2020 11 .

Respectfully submitted,

X _____, *pro se*

Name: Chaim Rochester
Address Ln1: 14 Mary St.
Address Ln2:
City, State, Zip: S. Burlington   VT   05403
Phone Number: 802-399-6681

5

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Hard Drive Productions, LLC<br>　　　　　　　Plaintiff,<br><br>v.<br><br>Chaim Rochester<br><br>802-399-6681　　　　　　,*pro se*<br>and multiple John Does<br><br>　　　　　　　Defendants, | Civil Action No. (or Docket No.)<br><br>1:11-cv-01741-JDF-JMF |

### AFFIDAVIT IN SUPPORT OF MOTIONS TO DISMISS, MOTION TO QUASH, AND GENERAL DEFENSES

**Filed Under Penalty of Perjury**

I, Chaim Rochester         , the Affiant, am making and filing this affidavit solely in support of disputing jurisdiction in the above styled matter. However, in the event that jurisdiction is found proper, and proper service is effected on the undersigned, and if no supplementary answer is filed by the Defendant within 30 days of service, the intent of this affidavit shall be changed to be considered to be a verified response to the Plaintiff's complaint, negatively averring all claims, and setting forth affirmative defenses. I hereby certify that the following statements are true, and upon being first duly sworn on oath and before a person authorized to take swear and accept such oath, I, the Affiant, sayeth that:

*Personal Jurisdiction*

1



1. Affiant has had no contact and done no business with the Plaintiff, and has not entered into any agreements with the Plaintiff that is the subject of this claim and relief sought.
2. Affiant does not reside within the state or district in which the above styled case was filed, and instead resides in  S. Burlington    VT    05403
3. Affiant has not caused tortuous injury within the state or district in which the above styled case was filed.
4. Affiant does not regularly solicit business within the state or district in which the above styled case was filed.
5. Affiant does not engage in any other persistent course of conduct within the state or district in which the above styled case was filed.
6. Affiant does not derive substantial revenue from goods used or consumed, or services rendered, within the state or district in which the above case was filed.
7. I have taken no action, and had no contacts, which would reasonably allow me to anticipate being haled into court within the state or district in which the above case was filed.
8. I am unaware of any defenses that I have taken that are similar in nature to the other Defendants in this case, and I am unaware of any reasonable connection between myself and the cases of the other Defendants.

*General Defenses/Affirmative Defenses*

Affiant, by virtue of selection by mark of the below affirmative defenses, adopts the statements as true within this affidavit:

2

☐ Affiant had their computer, and other internet devices, inspected by a technician and found an infection of malicious software installed without consent of Affiant. Through this malicious software, a user, other than the Affiant, could have routed peer-to-peer traffic through the computer of Affiant, and making it appear to the Plaintiff as if the Affiant had committed an act of infringement. Affiant has no knowledge of the alleged infringement.

☑ Affiant runs an operating system (e.g. Linux, Windows Server, etc.) which would allow a bittorent client to be operated by a remote user, and had such system open to multiple users at the time of alleged infringement. A user, other than the Affiant, could have committed the alleged infringement. Affiant has no knowledge of the alleged infringement.

☐ Affiant runs a Virtual Private Network, Proxy Server, or other such internet traffic re-routing server, and had such system open to multiple users at the time of the alleged infringement. A user, other than the affiant, could have committed the alleged infringement. Affiant has no knowledge of the alleged infringement.

☑ Affiant has a wireless router **without** security enabled (e.g. WEP, WPA, WPA2) and the internet address responsible for the alleged infringement was available for use to the general public within range. Affiant has no knowledge of the alleged infringement.

3

[✓] Affiant has multiple computers in their residence used by multiple users (family members, roommates, friends, visitors, etc.), that all share the same IP address (internet connection). Affiant has no knowledge of the alleged infringement.

[ ] Affiant has a wireless router **with** only WEP security enabled, and therefore the internet address responsible for the alleged infringement was susceptible to use to by the general public within range. Affiant has no knowledge of the alleged infringement.

[ ] Affiant downloaded the movie, but such movie was intended to be used or used for non-profit educational purposes.

[✓] Affiant, under penalty of perjury, certifies to this court, that they have no knowledge of the alleged infringement.

[ ] Affiant owned a DVD of the movie during the alleged infringement and downloaded the movie in an effort to make a backup copy of the film on their computer.

[ ] Affiant has multiple computers in their residence used by multiple users (family members, roommates, friends, visitors, etc.), that all share the same IP

address (internet connection). Affiant has knowledge of the alleged infringement, but did not commit the alleged infringement.

FURTHER, AFFIANT SAYETH NAUGHT.

BY SIGNING BELOW, I hereby declare, certify, verify, and state, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Dated      11      / 21      /20 2011

X_____, pro se

Print Name:   Chaim Rochester

**THE FOREGOING FACTS** were sworn to, subscribed and acknowledged as true before me on this 21 day, of November , 2010, by Chaim Rochester, who is personally known to me or who produced a valid state driver's license as identification and who did take an oath.

_____

**Notary Public - State of** Vermont
Printed Name: Amber Bessette
My Commission No.: The UPS Store
My Commission Expires: 02-10-15                              (notary seal)

Dated this 21     day of    November    , 202011    .

Respectfully submitted,

X_____, pro se

Name:                  Chaim Rochester
Address Ln1:           14 Mary St.
Address Ln2:
City, State, Zip:      S. Burlington        VT        05403
Phone Number:          802-399-6681

5