## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
HARD DRIVE PRODUCTIONS, INC., )
 )
    Plaintiff, )
 )
v. )  Case No. 1:11-cv-01741-JDB-JMF-SBP
 )
DOES 1 – 1495, )
 )
    Defendants. )
 )
_____)

### PLAINTIFF'S OMNIBUS RESPONSE TO
### MOVANTS' MOTIONS TO SEVER, DISMISS AND/OR QUASH

Four individuals[1] ("Movants") filed motions in response to subpoenas issued to their Internet Service Providers ("ISPs"). (ECF Nos. 36, 38, 40, 42.) In sum, the Movants seek severance from this action (ECF Nos. 36 at 4-6, 38 at 8-16, 40 at 9-10, 42 at 9-10), dismissal on the grounds of lack of personal jurisdiction (ECF Nos. 36 at 8-10, 38 at 3, 40 at 3-9, 42 at 3-9), quashing of the respective subpoenas on the grounds of undue burden  (ECF Nos. 36 at 8, 40 at 3-4, 42 at 3-4), and quashing of the subpoenas on the grounds of privacy. Movants also deny infringing on Plaintiff's copyrighted work. (ECF Nos. 36 at 7, 38 at 6, 40 at 13-16, 42 at 13-16.) Courts in this jurisdiction and nationwide have repeatedly rejected substantially identical arguments to those raised by Movants.

### ARGUMENT

This brief consists of six parts. Part I argues that Movants lack standing to bring their motions. Part II argues that joinder is proper at this early stage of the litigation. Part III argues that Movants' personal jurisdiction arguments are premature. Part IV argues that Movants'

_____

[1] Michelle Murphy, Ketti Augusztiny, Chaim Rochester, and Eduardo Halvorssen.

undue burden arguments properly lie with their ISPs. Part V argues that Plaintiff's need for the information sought in the subpoena outweighs the Movants' limited privacy interests. Part VI argues that Movants' arguments on the merits are premature.

## I.    MOVANTS LACK STANDING TO BRING THEIR MOTIONS

Movants' motions to quash subpoenas issued to nonparty ISPs should be denied because, generally speaking, only a subpoena recipient possesses standing to quash a subpoena. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (holding that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."); 9 James Wm. Moore, et al., *Moore's Federal Practice* § 45.50[3]; *see also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2459 (2d ed. 1994); *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *Shepherd v. Castle*, 20 F.R.D. 184, 188 (W.D. Mo. 1957)); *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (D. Pa. 2001) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)). All of the subpoenas issued pursuant to the Court's October 4 Order (ECF No. 4) were issued to nonparty ISPs. These ISPs are the entities in possession and control of the information sought in the subpoena—not Movants.

The only possibly relevant exception to this well-established rule is an argument that Plaintiff's subpoenas require disclosure of "privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv); *see also Moore's Federal Practice* § 45.50[3]; *Thomas*, 202 F.R.D. at 434. Movants failed to claim, much less discuss, a personal right of privilege anywhere in their motions. (*See generally* ECF Nos. 36, 38, 40, 42.) The burden of establishing standing is on the party seeking relief. *See, e.g., DaimlerChrysler Corp. v.*

*Cuno*, 547 U.S. 332, 342 (2006). Because the Movants fail to assert an argument regarding quashing that they have standing to make, their motions to quash must be denied.

## II.  JOINDER IS PROPER AT THIS EARLY STAGE OF LITIGATION

Movants argue that joinder of the Defendants is improper and that they should be severed from the case. (ECF Nos. 36 at 4-6, 38 at 8-16, 40 at 9-10, 42 at 9-10.) Courts in this District and nationwide hold that joinder is proper at this stage in the litigation. *See, e.g.*, *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 343 (D.D.C. 2011) ("While the defendants may be able to rebut these [joinder] allegations later, the plaintiffs have sufficiently alleged that their claims against the defendants potentially stem from the same transaction or occurrence, and are logically related."); *First Time Videos, LLC, v. Does 1-76*, 11 C 3831 (N.D. Ill. (Aug. 16, 2011), ECF No. 38 at *10 ("[I]n any event, findings of misjoinder in such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery"); *Hard Drive Productions, Inc., v. Does 1-46*, C-11-1959 EMC, ECF No. 22 at *2 (N.D. Cal. June 23, 2011) ("At this state in the litigation, when discovery is underway only to learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified only by IP addresses is proper."); *AF Holdings LLC v. Does 1-1140*, No. 11-1274 (D.D.C. Jan. 30, 2012), ECF No. 29 at *3 ("the infringing activity alleged in the complaint arises out of the same series of occurrences or transactions . . .").

One of the Movants argues that the authority in this jurisdiction should not be followed because courts in this jurisdiction "did not undertake a searching analysis of how a [sic] BitTorrent protocol works . . ." (ECF No. 38 at 14.) However, even a cursory examination of the decisions emanating from this District reveals an in-depth analysis of the nature of the BitTorrent protocol. *See, e.g.*, *Call of the Wild*, 770 F.Supp. 2d at 347 ("[T]he nature of the BitTorrent

technology enables every user of the file-sharing protocol to access copyrighted material from other peers, who may be located in multiple jurisdictions 'around the country,' including this one.") In contrast, the decisions cited by Movant, Order *Hard Drive Productions, Inc. v. Does 1-188*, No. 11-cv-1566 (N.D. Cal. Aug. 23, 2011) and Opinion and Order *Hard Drive Productions, Inc. v. Does 1-30*, No. 11-cv-345 (E.D. Va. Oct. 17, 2011) relied heavily on authority involving materially different pleadings and technologies.

For example, the decisions in *Laface Records, LLC v. Does 1-38*, 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. 2008), *BMG Music v. Does 1-4*, 2006 U.S. Dist. LEXIS 53237, No. 06-01579 (N.D. Cal. 2006), *Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. 2004), and *Twentieth Century Fox Film Corp. v. Does 1-12*, No. 04-04862 (N.D. Cal. 2004), cited to in these decisions or by Movants directly, are readily distinguishable from the instant case. (ECF No. 36 at 4, 40 at 9-10, 42 at 9-10.) In these cases the plaintiffs did not allege any collaboration among the defendants, much less infringement of the *same copyrighted work*.  For example, in *BMG*, Doe #2 was alleged to have infringed on recordings by MC Lyte, LL Cool J, Mariah Carey and Busta Rhymes, while Doe #3 was alleged to have infringed on recordings by Ideal, Kelly Price, Mary J. Blige, Pink, SWV and Usher—no overlap whatsoever. Complaint for Copyright Infringement, Exhibit A, *BMG Music*, No. 06-01579, ECF No. 1 (alleging only that the defendants committed violations of the same law by the same means.). Further, the copyrights to the various recordings were held by a variety of recording companies. *Id*. This stands in stark contrast to Plaintiff's pleading where it is alleged that Defendants violated a *single* copyright work, belonging to a *single* Plaintiff, and that the infringers *actually interacted with each other* in a single BitTorrent swarm. (ECF No. 1.)

The plaintiffs in *BMG*, *LaFace*, *Interscope,* and *Twentieth Century Fox* appropriately refrained from alleging any collaboration among the infringers because these cases involved the FastTrack protocol. Unlike the BitTorrent protocol, FastTrack never had swarms that required the cooperation and concerted action of many users; it only had individuals. Therefore, the plaintiffs in the *BMG*, *LaFace*, *Interscope*, *Twentieth Century Fox* cases could only allege violations of the same law by using the same means. *See, e.g.*, Complaint for Copyright Infringement, ¶ 20, *LaFace Records*, No. 07-0298, 2007 WL 4717470 (Aug. 8, 2007) ("[E]ach Defendant is alleged to have committed violations of the same law (e.g., copyright law), by committing the same acts (e.g., the downloading and distribution of copyrighted sound recordings owned by Plaintiffs), and by using the same means (e.g., a file-sharing network) that each Defendant accessed via the same ISP.") The difference between little to no collaboration with the FastTrack technology and the deep and sustained collaboration with the BitTorrent technology is material. The court in *Voltage Pictures* explained that courts that have rejected joinder "have been confronted with bare allegations that putative defendants used the same peer-to-peer network to infringe copyrighted works and found those allegations were insufficient for joinder. . . . That is not the case here." 2011 WL 1807438 at *6. The cases cited by Movants do not provide sufficient authority to overcome the persuasive reasoning of courts in this jurisdiction and nationwide.

Finally, Movants take issue with the fact that infringement by the Doe Defendants took place over an extended period of time, arguing that any individual Doe Defendant may not have necessarily interacted with every other Doe Defendant. (ECF No. 38 at 12) ("Exhibit A to the complaint indicates that the activity took place over a ***four-month period*** . . .") However, this temporal concern does not defeat the "transaction or occurrence" element of the legal standard

for assessing the propriety of permissive joinder. To aid in their application of the "transaction or occurrence test," courts look to how the test is applied in other provisions of the Federal Rules, such as Rule 13(a). *Mosley v. General Motors Corporation*, 497 F.2d 1330, 1332-33 (8th Cir. 1974). The Supreme Court states that the meaning of "transaction", as used in Rule 13(a), "may comprehend a series of many occurrences, depending not so much upon the immediateness of their own connection as upon their logical relationship." *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926). Accordingly, "Rule 20 would permit all reasonably related claims by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Mosley*, 497 F.2d at 1333. Participation in a single swarm establishes this logical relationship. *See Patrick Collins, Inc. v. Does 1-2,590*, No. 11-02766, 2011 WL 3740487 *6 (N.D. Cal. Aug. 24, 2011) ("[T]he Court finds that Plaintiff has at least presented a reasonable basis to argue that the BitTorrent protocol functions in such a way that peers in a single swarm downloading or uploading a piece of the same seed file may fall within the definition of "same transaction, occurrence, or series of transactions or occurrences" for purposes of Rule 20(a)(1)(A)).

## III.   MOVANTS' CHALLENGES TO PERSONAL JURISDICTION ARE PREMATURE AND ERRONEOUS

Movants argue that this Court lacks jurisdiction over them. (ECF Nos. 36 at 8-10, 38 at 3 40 at 3-9, 42 at 3-9.) These challenges to personal jurisdiction, however, are premature at this stage of the litigation, when the Court has limited means to evaluate Movants' specific connections with this forum. *Voltage Pictures, LLC*, 2011 WL 1807438 at *3 ("the putative defendants' personal jurisdiction arguments are premature at this time because they have not been named as parties to this lawsuit."); *AF Holdings LLC*, No. 11-1274, ECF No. 29 at *3 ("Regarding the putative defendants' jurisdictional . . . arguments, these arguments are

prematurely raised because the putative defendants are not named as defendants in this lawsuit and may never be named as defendants."); *Virgin Records America, Inc. v. Does 1-35*, No. 05-1918, 2006 WL 1028956 (D.D.C. 2006) at \*3 ("In each case, courts have rejected [the jurisdiction] argument as 'premature,' even where the Doe defendants assert that they live outside the court's jurisdiction and have minimal or no contacts with that jurisdiction.").

The Court currently has limited information to assess whether Movants' jurisdictional defenses are valid and to evaluate possible alternate bases to establish jurisdiction. *Call of the Wild*, 770 F.Supp. 2d at 347 ("at this juncture when no putative defendant has been named, the Court has limited information to assess whether any putative defendant has a viable defense of lack of personal jurisdiction or to evaluate possible alternate bases to establish jurisdiction."). A court cannot properly assess a defendant's contacts with a forum until the defendant has at least been identified. *Virgin Records*, 2006 WL 1028956, at \*3; *see also Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants"). Plaintiff will be able to proceed only against named defendants over whom this court has personal jurisdiction. *Call of the Wild*, 770 F.Supp. 2d at 347. After the Defendants are named and served, they will have an opportunity to file appropriate motions challenging this Court's jurisdiction and that will be the appropriate time for the resolution of this issue. *Voltage Pictures*, 2011 WL 1807438 at \*12 ("If and when the putative defendants are ultimately named in this lawsuit, the defendants will have the opportunity to file appropriate motions challenging the Court's jurisdiction, and the Court will be able to evaluate personal jurisdiction defenses and consider dismissal. Until that time, however,

dismissal under Rule 12(b)(2) is inappropriate."). Until the Defendants are named and served,

Movants' personal jurisdiction arguments are premature.

### IV. MOVANTS CANNOT CREDIBLY CLAIM THAT THEIR ISPS' COMPLIANCE WITH THE SUBPOENAS WOULD UNDULY BURDEN THEM

Movants claim that the subpoena should be quashed because disclosure of their identities

would subject them to an undue burden. (ECF Nos. 36 at 8, 40 at 3-4, 42 at 3-4.) Undue burden

objections properly lie with subpoenaed ISPs, and not with Movants. *See Call of the Wild*, 2011

WL 996786, at *16 (describing undue burden test as balancing the burden imposed on the *party*

*subject to the subpoena*, the relevance of the information sought, the breadth of the request, and

the litigant's need for the information); *First Time Videos, LLC v. Does 1-500*, No. 10-6254,

2011 WL 3498227 (N.D. Ill. Aug. 9, 2011) ("[I]f anyone may move to quash these subpoenas on

the basis of an undue burden, it is the ISPs themselves, as they are compelled to produce

information under the subpoena."). Moreover, Movants are not required to respond to the

allegations presented in Plaintiff's Complaint nor otherwise litigate in this district. *See, e.g.,*

*Voltage Pictures, LLC*, 2011 WL 1807438, at *3 (finding that movant faces no obligation to

produce any information under the subpoena issued to his nonparty ISP and consequently

"cannot claim any hardship, let alone undue hardship."); *AF Holdings LLC*, No. 11-1274, ECF

No. 29 ("The putative defendants' contention that the subpoena imposes an undue burden on

them is likewise unavailing because 'it is the internet service providers, not the putative

defendants, who are required to respond to the subpoena. Thus, the putative defendants have no

standing to raise these claims.'") (quoting *Imperial Enterprises, Inc.*, No. 11-0529, ECF No.

43).Because Movants undue burden arguments properly lie with their ISPs, their undue burden

arguments should be denied.

## V.   PLAINTIFF'S NEED FOR THE INFORMATION SOUGHT IN THE SUBPOENA OUTWEIGHS MOVANTS' LIMITED PRIVACY INTEREST

One Movant argues that his identity is entitled to protection and should not be released. (ECF No. 36 at 1.) Plaintiff has shown a legitimate need for discovery of Movants' identity that outweighs Movants' limited privacy interest and their limited right to anonymous speech. *AF Holdings LLC*, No. 11-1274, ECF No. 29 ("based on its copyright ownership claim, the plaintiff has alleged a sufficient need for the putative defendants' personal information, and this need outweighs any First Amendment right of the putative defendants to utilize anonymously the BitTorrent technology."); *Voltage Pictures*, 2011 WL 1807438 at *3 ("Nevertheless, whatever asserted First Amendment right to anonymity the putative defendants may have in this context does not shield them from allegations of copyright infringement."); *MCGIP, LLC v. Does 1-14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 at *2 ("This Court agrees with the courts that have held that even the limited First Amendment privacy interest held by individuals who legally share electronic files is outweighed by the plaintiff's need for discovery of alleged copyright infringers' identifies."); *Sony Music Entm't v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity).

Movants cannot cloak their identities in claims of privacy rights when their infringing activities are not private. *UMG Recordings, Inc. v. Does 1–4*, No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006) (finding that Doe Defendants who "open[ed] their computers to others through peer-to-peer sharing had little expectation of privacy."); *Achte/Neunte Boll Kino*

*Beteiligungs GMBH & Co. v. Does 1-4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) ("courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their Internet Service Providers."); *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so."). Because Movants' limited privacy interest must give way in light of Plaintiff's copyright infringement claim, the Court should deny Movants' motions.

## VI.   MOVANTS' ARGUMENTS ON THE MERITS AND DENIALS ARE NOT A BASIS FOR QUASHING THE SUBPOENAS

Movants deny infringing on Plaintiff's copyrighted work. (ECF Nos. 6 at 7, 38 at 6, 40 at 13-16, 42 at 13-16.) A general denial of liability, however, is not a basis for quashing Plaintiff's subpoenas. *Voltage Pictures*, 2011 WL 1807438, at *2 ("A general denial of liability is not a basis for quashing the plaintiff's subpoena."); *Imperial Enters., Inc.*, No. 11-529, ECF No. 43 at *2-3 (rejecting the argument that the claims should be dismissed because the movants argue that they did not engage in the downloading or uploading activity alleged in the Complaint); *Maverick Entm't Grp., Inc. v. Does 1–2,115*, No. 10-569, 2011 WL 4351354 (D.D.C. Sept. 19, 2011), ECF No. 157 at *8 ("the merits of [the movants'] personal defenses are not properly before the Court at this stage of the litigation.").

The proper time to raise these factual arguments is after Movant has actually been identified and named as a party in this lawsuit— the latter being a step that Plaintiff may or may not choose to take based on its own evaluation of Movant's assertions. *Achte/Neunte Boll Kino*, 736 F. Supp. 2d at 215 (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515,

10

2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that

movant will be able to "raise, at the appropriate time [after being named as a party], any and all

defenses, and may seek discovery in support of its defenses"); *AF Holdings LLC v. Does 1-1140*,

No. 11-1274 (D.D.C. Jan. 30, 2012), ECF No. 29 at *3 ("Regarding the putative defendants'

jurisdictional and merits arguments, these arguments are prematurely raised because the putative

defendants are not named as defendants in this lawsuit and may never be named as defendants.").

The Court should deny the instant motion because Movants' arguments on the merits and factual

denials are premature and not relevant to his motion.

**CONCLUSION**

The Court should deny Movants' motions. Movants lack standing to bring their motions.

Joinder is proper at this early stage of the litigation. Movants' personal jurisdiction arguments

are premature. Movants' undue burden arguments properly lie with their ISPs, and not Movants.

Plaintiff's need for the information sought in the subpoena outweighs Movants' limit privacy

interests. Movants' arguments on the merits and denials are premature and not relevant to their

motions.

Respectfully submitted,

HARD DRIVE PRODUCTIONS, INC.

**DATED:** February 28, 2012

By:      /s/ Paul Duffy
PAUL A. DUFFY (D.C. Bar # IL0014)
Law Offices of Paul Duffy
2 N. LaSalle Street, 13th Floor
Chicago, IL  60602
Telephone: (312) 952-6136
Facsimile:   (312) 346-8434
E-mail: pduffy@pduffygroup.com
*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 28, 2012, I have caused a true copy of the foregoing to be served up the following individuals by U.S. Mail First Class, postage prepaid:

Roberto Escobar
835 W. Warner Road, #101-467
Gilbert, AZ 85233

Kevin Berry
830 Main St., Unit G
Belleville, NJ 07109

Daniel M. Kelly, Esq.
FRATAR, KERN & KELLY, LLP
1441 Main Street, Suite 630
Springfield, MN 01103

Gretchen Martin
8545 London Bridge Way
Lutherville, Maryland 21093

Michelle Murphy
8309 Terrace Drive
Stockton, CA 95212

Ketti Augusztiny
314 Second St.
Ann Arbor, MI 48103

Chaim Rochester
14 Mary St.
S. Burlington, VT 05403

Eduardo L. Halvorseen
18181 NE 31st Court, #1906
Miami, FL 33160


  /s/ Paul Duffy
PAUL A. DUFFY