**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC. | |
|           Plaintiff, | Case No.: 1:11-cv-01741-JDB-JMF |
| v. | Judge Bates |
| DOES 1-1,495 | Magistrate Judge Facciola |
|           Defendants. | |

**AMICUS CURIAE ELECTRONIC FRONTIER FOUNDATION'S**
**NOTICE OF RECENT DECISION**

**NOTICE OF RECENT DECISION**

Amicus Electronic Frontier Foundation hereby provides notice to the Court of an Order issued on March 30, 2012, by the United States District Court for the Northern District of California in *Hard Drive Productions, Inc. v. Does 1-90*, Case No. 5:11-cv-03825-HRL. Amicus submits this decision for the Court's consideration, as a supplement to Amicus's January 30, 2012 Motion to Reconsider or Stay (Dkt. No. 30). Said Motion is before the Court.

The Order, attached hereto as an exhibit, concerns another case brought by the plaintiff in this action. In the Order, the Court found that "plaintiff has not shown that the requested discovery is at all likely to uncover the identity of the Doe defendants," and that "[t]he complaint, which summarily asserts that the defendants 'downloaded copyrighted content from, or uploaded it to, California residents, and thus committed copyright infringement,' is insufficient to support the exercise of general or limited personal jurisdiction." Order at 6-7. The Court also found that "[b]ecause plaintiff is unable to allege that the Doe defendants acted in concert, joinder is improper and the complaint should be dismissed against Does 2-90 for misjoinder" prior to the appearance of any defendant. Order at 10-11.

The Court further expressed its "concern[] that plaintiff's activities in pursuit of settlement agreements with these and other Doe defendants constitute a serious misunderstanding of jurisdictional limits and potential abuse of the judicial system." Order at 8. The Court concluded that it "will not assist a plaintiff who seems to have no desire to actually litigate but instead seems to be using the courts to pursue an extrajudicial business plan against possible infringers (and innocent others caught up in the ISP net). Plaintiff seeks to enlist the aid of the court to obtain information through the litigation discovery process so that it can pursue a non-judicial remedy that focuses on extracting 'settlement' payments from persons who may or

2

may not be infringers. This the court is not willing to do."

Dated: April 12, 2012

Respectfully submitted,

ELECTRONIC FRONTIER FOUNDATION

           /s/ Mitchell L. Stoltz           
MITCHELL L. STOLTZ (DC Bar No. 978149)
*mitch@eff.org*
CORYNNE MCSHERRY
*corynne@eff.org*
JULIE P. SAMUELS
*julie@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA  94110

Attorneys for Amicus Curiae
ELECTRONIC FRONTIER FOUNDATION

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 12, 2012, I caused a true copy of the foregoing to be served upon the following individuals by U.S. First Class Mail, postage prepaid:

Roberto Escobar
835 W. Warner Road, #101-467
Gilbert, AZ  07109

Kevin Berry
830 Main Street, Unit G
Belleville, NJ  07109

Daniel M. Kelly, Esq.
FRATAR, KERN & KELLY, LLP
1441 Main Street, Suite 630
Springfield, MN  01103

Gretchen Martin
8545 London Bridge Way
Lutherville, Maryland  21093

Michelle Murphy
8309 Terrace Drive
Stockton, CA 95212

Ketti Augusztiny
314 Second St.
Ann Arbor, MI 48103

Chaim Rochester
14 Mary St.
S. Burlington, VT 05403

Eduardo L. Halvorseen
18181 NE 31st Court, #1906
Miami, FL 33160

                                                /s/ Mitchell L. Stoltz
                                               MITCHELL L. STOLTZ