UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-01741-JDB-JMF-SBP |
| ) | |
| DOES 1 – 1495, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO AMICUS CURIAE ELECTRONIC FRONTIER FOUNDATION'S NOTICE OF RECENT DECISION**

The nonparty Electronic Frontier Foundation ("EFF") filed, without leave from the Court, an *amicus curiae* notice regarding a recent decision in *Hard Drive Productions, Inc. v. Does 1-90*, No. 11-3825 (N.D. Cal. Mar. 30, 2012), ECF No. 18. (ECF No. 47.) The EFF cavalierly violated this Court's Local Rules by filing a document without receiving leave from the Court to do so. The Court should strike the notice on this ground alone. In addition, the Court should strike the notice because it presents a decision that was premised on an incorrect statement of controlling law.

**ARGUMENT**

The Court should strike the EFF's *amicus curiae* filing for two reasons. First, the EFF was never granted leave from the Court to file their notice. Second, the decision referenced by the EFF was premised on an incorrect statement of controlling law.

1

I.  **THE COURT SHOULD STRIKE THE EFF'S NOTICE BECAUSE THE EFF WAS NOT GRANTED PERMISSION TO FILE IT**

Because the EFF is not a party to this litigation, they must receive the Court's leave before filing documents with the Court. *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003). The EFF did not do so. (*See generally* ECF No. 47.) *Amicus curiae* briefs may create a "real burden on the court system" and may even represent "attempts to inject interest-group politics" into the judicial process. *National Organization for Women v. Scheidler*, 223 F.3d 615, 616-617 (7th Cir. 2000). This is why nonparty special-interest organizations, such as the EFF, must receive the Court's permission before filing documents with the Court. The Court should strike the EFF's notice.

II.  **THE COURT SHOULD STRIKE THE EFF'S NOTICE BECAUSE THE CASE CITED BY MOVANT IS LIKELY TO BE OVERTURNED**

The amicus curiae filing by the EFF is inappropriate because the *Hard Drive* decision they cite to is not a final decision and is likely to be overturned. The court in *Hard Drive Productions, Inc. v. Does 1-90*, No. 11-3825 (N.D. Cal. Mar. 30, 2012) denied the plaintiff's discovery application on the basis the plaintiff's application request was not "very likely" to lead to the identification of the Doe defendants. The *Hard Drive* court based this decision on the holding in *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980). In *Gillespie*, the court held that the district court abused its discretion in denying early discovery because it was "very likely" that the requested early discovery would lead to the identities of the "John Doe" defendants. 629 F.2d at 643. The decision is *Gillespie*, however, does not stand for the proposition that discovery requests will be denied if a plaintiff is unable to prove that the discovery is "very likely" to reveal the identities of the unknown Doe defendants. Instead, it stands for the proposition that a court should grant a discovery motion "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. Because the *Hard Drive*

2

court applied an incorrect legal standard, a much more rigorous one, the *Hard Drive* court's decision will be mostly likely overturned once challenged. The Court should therefore not rely on the *Hard Drive* court's decision.

The last time a court in the Northern District of California denied a discovery motion on the basis that the discovery was not "very likely" to lead to the identifying information of the Doe defendants, the court reversed its own decision. The court in *AF Holdings LLC v. Does 1-96* originally denied a plaintiff's discovery motion for the same reasons as the *Hard Drive* court. No. 11-03335 (N.D. Cal. Sept. 27, 2011), ECF No. 14 (finding that the plaintiff's request was not "very likely" to enable the plaintiff to identify the Doe defendants). After the plaintiff explained that the court applied the incorrect legal standard in a renewed discovery motion, the court reversed its decision and granted the plaintiff's motion. *AF Holdings LLC v. Does 1-96*, No. 11-03335 (N.D. Cal. Nov. 22, 2011), ECF No. 29. Because reversal of the *Hard Drive* court's decision will likely occur for the same reasons, the EFF's amicus curiae notice is inappropriate here.

**CONCLUSION**

The Court should strike the EFF's *amicus curiae* filing. The EFF was never granted permission from the Court to file their notice. The EFF's filing is inappropriate because decision they cite to is likely to be overturned as the *Hard Drive* court applied the incorrect legal standard.

        Respectfully submitted,

        HARD DRIVE PRODUCTIONS, INC.

**DATED:** April 20, 2012

      By:  /s/ Paul Duffy
        PAUL A. DUFFY (D.C. Bar # IL0014)
        Prenda Law Inc.
        161 N. Clark Street, Suite 3200
        Chicago, IL  60601
        Telephone: (312) 880-9160
        Facsimile:  (312) 893-5677
        *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that on April 20, 2012, the Electronic Frontier Foundation is being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                                                                     /s/ Paul Duffy  
                                                                  PAUL A. DUFFY