UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**HARD DRIVE PRODUCTIONS, INC.,**

 **Plaintiff,**

   v.         Civil Action No. 11-1741 (JDB/JMF)

**DOES 1-1,495,**

 **Defendants.**

### MEMORANDUM OPINION

This case was referred to me for full case management. Currently pending and ready for resolution are the following motions: 1) Motion to Quash or Modify Subpoena [#19]; 2) Motion to Quash . . . [#20]; 3) Defendant, [Name Withheld] Motion to Quash [#21]; 4) Motion to Quash and Motion to Dismiss [#22]; 5) Re-Filed Motion of NonParty to Quash and Vacate Subpoena, or in the Alternative, to Sever, Combined with Points and Authorities [#36]; 6) Pro Se Motion to Sever and to Quash Subpoena by Doe Defendant 68.40.186.122 [#38]; 7) Motion for Protective Order [#40]; and 8) Motion for Protective Order [#42]. For the reasons stated below, all pending motions will be denied.

### INTRODUCTION

This is a "BitTorrent"[1] case in which the plaintiff, Hard Drive Productions, Inc., has filed a copyright infringement action against 1,495 "John Does." Complaint for Copyright Infringement [#1]. Plaintiff claims that these individuals illegally copied and distributed a movie

---

[1] For a more detailed explanation of the BitTorrent technology and the problems of personal jurisdiction, venue, and improper joinder these bit torrent cases present, see my August 6, 2012 Memorandum Opinion [#23] in West Coast Prods., Inc. v. Does 1-1,434, Civil Action No. 11-55 (JEB/JMF).

titled "Amateur Allure-MaeLynn." Id. ¶ 3.  Plaintiff does not know the identities of these individuals but does know the Internet Protocol ("IP") address assigned to each defendant by his Internet Service Provider ("ISP"). Id. ¶ 8.

**DISCUSSION**

I.  Procedural History Regarding the Anonymity of the Movants

On September 30, 2011, plaintiff sought expedited discovery in order to compel, through the service of subpoenas, the ISPs to disclose the true identities of the Doe defendants.[2]  On October 4, 2011, Judge Bates granted plaintiff's motion.[3]  Less than one month later, however, on November 2, 2011, Judge Bates stayed his previous order allowing service of the subpoenas, in light of the filing of numerous motions to quash or modify the subpoena by Doe defendants.[4] By his Order of November 10, 2011, Judge Bates clarified that "[d]efendants [those individuals who would receive a copy of plaintiff's subpoena through their ISPs] wishing to file Motions to Quash (and/or Motions to Sever) do not need to follow the procedures in the Local Rules for filing under seal," and instead could "mail to the Clerk's Office a Motion the complies with . . . this Court's November 2, 2011 Order, as well as any applicable local rules other than those relating to filing sealed documents, and it will automatically be placed under seal."[5]  On November 16, 2011, the case was referred to me.[6]

---

[2] See Motion for Leave to Take Discovery Prior to Rule 26(f) Conference [#3].

[3] See Order [#4].

[4] See Order [#5].

[5] See Order [#7].

[6] See Order [#8].

Shortly thereafter, certain Doe defendants, represented by an attorney, filed motions to quash under seal.[7] Other Doe defendants also filed motions to quash, but identified themselves. This led me to explain, in my Order of December 21, 2011, that the movants could be divided into the following four categories: 1) movants who identified themselves by name and address; 2) movants who identified themselves by name and address but sought to proceed anonymously; 3) movants who identified themselves solely by their IP addresses; and 4) movants who only identified themselves as "John Doe." Order [#18] at 1-3.

As I further noted in that Order, I was, of course, "aware that certain Doe defendants have moved to quash the subpoena issued to their ISPs relying, justifiably, on the provision in Judge Bates' order that their motions would remain under seal *even* if they lost." [#18] at 2. I explained, however, that I had become convinced that no one should be permitted to proceed any further in this case without identifying himself or herself. Id. I then presented the movants with a choice: they could either permit their motions to be placed on the public docket or withdraw them. Id. To that end, I sent them a form to be filled out, wherein they could indicate their choice. Finally, I indicated that the movants who identified themselves only by their IP addresses or by calling themselves "John Doe" had to identify themselves in accordance with Rule 5.1 of the Local Rules before anything they filed would be received and made a part of the Court file. Id. at 3.

Thereafter, this Court received motions to quash from persons who identified themselves and transmitted a completed form, indicating that they wished to have their identities disclosed. On January 30, 2012, however, the Electronic Frontier Foundation moved for leave to file, as

---

[7] See Notice of Filing [#9].

*amicus curiae*, a motion to stay my order,[8] which had required the movants to identify themselves. That motion was directed not to me, but to Judge Bates and is yet unresolved.

II.   Resolution of the Pending Motions

    A.   All Movants will be Granted Anonymity *Pendente Lite*

Although I now wish to resolve all outstanding motions to quash, I appreciate that the legitimacy of my compelling the movants to identify themselves is still before Judge Bates. Therefore, solely as a courtesy to him and without retreating from my view that the movants cannot proceed anonymously, I will order the Clerk to place all motions to quash filed by the movants under seal, *pendente lite*, until Judge Bates has ruled.

    B.   All Pending Motions will be Denied

The following chart summarizes the pending motions

| Docket Number | Summary of Motion |
|---|---|
| 19 | Movant objects to the joinder of all the John Does in the same lawsuit. |
| 20 | Movant denies that he downloaded the film. |
| 21 | Movant, through counsel, moves to quash the subpoena because she cannot be compelled to produce material she neither controls nor possesses. Movant also states that she has retained the lawyer who signed her motion to advise her on whether the information sought is privileged. |
| 22 | Movant says that she lives in Baltimore and asserts that this Court lacks jurisdiction over her. |
| 36 | Movant objects to the joinder of all of the defendants in this action, seeks severance, and asserts the lack of this Court's jurisdiction over her person. |

---

[8] See Motion of Amicus Curiae Electronic Frontier Foundation for Emergency Stay of Magistrate Judge's December 21, 2011 Order and for Leave to File Brief Seeking Reconsideration of Same [#30].

| 38 | Movant objects to the joinder of all of the defendants in this action, seeks severance, and asserts the lack of this Court's jurisdiction over her person. |
|---|---|
| 40 | Movant objects to the joinder of all of the defendants in this action, seeks severance, and asserts the lack of this Court's jurisdiction over his person. |
| 42 | Movant objects to the joinder of all of the defendants in this action, seeks severance, and asserts the lack of this Court's jurisdiction over his person. |

1. The Movants Lack Standing

First, the movants lack standing to quash a subpoena not issued to them, unless they can establish that the subpoena requires the production of information that is privileged. Novak v. Capital Mgmt. & Dev. Corp., 241 F.R.D. 389, 394 (D.D.C. 2007). The only information that plaintiff's counsel is seeking is the subscriber information for a particular IP address, the use of which Judge Bates has restricted as follows: "Any information disclosed to Hard Drive in response to the Rule 45 subpoenas may be used by Hard Drive solely for the purpose of protecting its rights as set forth in the Complaint, and Hard Drive may not publicly disclose the names of the defendants." [#4] at 2. Furthermore, as I have already held in this case, there is no privilege, recognized by the law, that would protect this information from being disclosed to Hard Drive for the purposes sought. [#18] at 2. Indeed, without the ability to obtain this information, copyright holders would be without any means of identifying those individuals who violated their rights. See AF Holdings LLC v. Does 1-1,058, Civil Action No. 12-48 (BAH), Memorandum Opinion [#46] at 9-14 (explaining history that led copyright holders to file these John Doe lawsuits); West Coast Prods., Inc. v. Does, 1-1,434, Civil Action No. 11-55 (JEB/JMF), Memorandum Opinion [#23] at 8-10 (copyright protection would be eviscerated if copyright holders could not discover potential infringers from ISPs).

2. The Movants have not yet been Named as Actual Defendants

Second, none of these John Does have been named as actual defendants in this action and they may never be. In this context, I must note that in West Coast, I cautioned plaintiff that I would allow it to name, as a defendant, an individual who did not reside in the District of Columbia only if it could do so in good faith and consistent with the responsibility imposed upon them by Rule 11 of the Federal Rules of Civil Procedure. West Coast, [#23] at 15.

In this case, I note from the various addresses provided that none of the movants live in the District of Columbia. Thus, at this moment, it is at best an open question whether any of the movants will be named defendants. Since that is so, the movants' complaint that the case may have to be dismissed if they are named as defendants, does not present an actual case or controversy over which this Court has subject matter jurisdiction. See Los Angeles v. Lyons, 461 U.S. 95 (1983).

### 3.     Consideration of Personal Jurisdiction and Venue is Premature

Third, as Judge Howell explained in her opinion in AF Holdings, it is improper as a matter of law to evaluate questions of personal jurisdiction and venue when no defendants have yet been named because 1) a plaintiff is not obliged to assert a basis for personal jurisdiction over the defendant in her complaint; 2) when there are no named defendants, there is no one whose ties to the District of Columbia can be evaluated with respect to jurisdiction or venue; 3) it is premature to consider personal jurisdiction before plaintiff has an opportunity to conduct relevant discovery; and 4) it is improper to consider personal jurisdiction prior to the naming of defendants since individuals may choose to waive their defenses and litigate in the forum. AF Holdings, [#46] at 27-37.

The same is true with respect to issues of joinder. Complaints about improper joinder can

hardly be justiciable before plaintiff even names the movants as actual defendants. Furthermore, if, as is anticipated, only persons who reside in the District of Columbia are named as defendants, this number might be significantly smaller. Assessing the impermissibility of joinder therefore presents, in my view, a non-justiciable question at this point.

Finally, with respect to the argument made in [#21], the movant is mistaken in her claim that the subpoena requires her to produce anything. With respect to the argument made in [#20], the movant's denial that he downloaded the movie is not, at this stage, a defense which precludes the plaintiff's taking of discovery to determine whether this individual may be named as a defendant. That defense, one which speaks to the merits of plaintiff's claim, may be asserted at a later point in time, if and when the movant is named as an actual defendant.

An Order accompanies this Memorandum Opinion.

                                                                                      _____

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE