UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HARD DRIVE PRODUCTIONS, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**DOES 1 – 1,495,**<br><br>Defendants. | Civil Action No. 11-1741 (JDB/JMF) |

### MEMORANDUM OPINION

Plaintiff Hard Drive Productions, Inc. has filed this copyright infringement action against unidentified defendants who allegedly have illegally copied and distributed plaintiff's copyrighted work on the Internet.  Currently before the Court is [30] Electronic Frontier Foundation's ("EFF") motion for emergency stay of [18] Magistrate Judge Facciola's December 21, 2011 order and for leave to file an amicus curiae brief seeking reconsideration of that order.  For the reasons given below, the motion for leave to file will be granted and the motion for emergency stay and reconsideration will be denied.

### BACKGROUND

Plaintiff filed a complaint against 1,495 unidentified defendants, alleging that each defendant used a peer-to-peer file-sharing protocol called BitTorrent to download and distribute plaintiff's copyrighted motion picture, "Amateur Alleur – Maelynn," thereby infringing plaintiff's copyright.  Compl. ¶¶ 3, 6, 7. Plaintiff does not know defendants' names and has identified defendants only by the Internet Protocol ("IP") addresses assigned by defendants' Internet Service

1

Providers ("ISPs") on the date and at the time of their allegedly infringing activity. Id. ¶ 8. Plaintiff moved for leave to serve the ISPs with subpoenas requesting identifying information about the unidentified defendants. See Pl.'s Mot. for Order to Take Disc. Prior to Rule 26(f) Conference, ECF No. 3. The Court granted plaintiff's motion, authorizing plaintiff to "seek information sufficient to identify each defendant, including name, address, telephone number, email address, and media access control address." Order Granting Pl.'s Mot., ECF No. 4. But when some defendants filed motions to quash or modify the subpoenas, the Court stayed the subpoenas authorized in its previous order. Order Staying Subpoenas, ECF No. 5. The Court clarified the procedure for filing motions to quash and stated that compliant motions to quash would automatically be placed under seal and would remain under seal even if they were ultimately denied. Order Denying Leave to File, ECF No. 6; Order Clarifying Filing Procedures, ECF No. 7. The Court then referred this action to Magistrate Judge Facciola for full case management. Order Referring Case, ECF No. 8.

    A number of defendants filed motions to quash. On December 21, 2011, Magistrate Judge Facciola issued an order ("December 21 Order") stating that "no [defendant] will be permitted to proceed any further in this case without identifying himself or herself" because "[i]ndividuals who subscribe to the internet through ISPs simply have no expectation of privacy in their subscriber information." December 21 Order, ECF No. 18, at 2. Magistrate Judge Facciola ordered defendants who had filed motions to quash to either let their motions be placed on the public docket or withdraw their motions, and held that "any future motions received from John Does seeking to proceed anonymously will be denied." Id. at 2-3 (emphasis omitted).

In response to the December 21 Order, several movants indicated their choice to have their motions to quash placed on the public docket and their identities revealed. Mem. Op., ECF No. 49, at 3. Sealed motions were to be filed publicly on February 1, 2012. Just before this date, however, on January 30, 2012, EFF moved for emergency stay of the December 21 Order and for leave to file an amicus curiae brief seeking reconsideration of that order. Mot. for Emergency Stay and for Leave to File Br. Seeking Recons., ECF No. 30 ("EFF Mot."). EFF directed its motion to this Court rather than to Magistrate Judge Facciola. Id.

Magistrate Judge Facciola denied all pending motions to quash on August 13, 2012. See Mem. Op., ECF No. 49.; Order Denying Mots. to Quash, ECF No. 50. Noting that EFF's motion was not yet resolved, Magistrate Judge Facciola, as a courtesy to this Court and "without retreating from [his] view that the movants cannot proceed anonymously," ordered that all motions to quash be placed under seal, pendent lite, until this Court ruled on EFF's motion. Mem. Op., ECF No. 49, at 4. This Court will now address EFF's pending motion and the issue of defendants' ability to proceed anonymously.

## DISCUSSION

**I.   Motion for Leave to File an Amicus Curiae Brief**

"An amicus curiae, defined as 'friend of the court,' does not represent the parties but participates only for the benefit of the Court." United States v. Microsoft Corp., No. 98-1232, 2002 WL 319366, at *2 (D.D.C. Feb. 28, 2002). Hence, it is solely within the Court's discretion to determine "the fact, extent, and manner" of participation by the amicus. Id. Amicus participation is normally appropriate when (a) "a party is not represented competently or is not represented at all," (b) "the amicus has an interest in some other case that may be affected by the

decision in the present case," or (c) "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." <u>Jin v. Ministry of State Sec.</u>, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (quoting <u>Ryan v. Commodity Futures Trading Comm'n</u>, 125 F.3d 1062, 1064 (7th Cir. 1997)).

EFF has moved for leave to file based on its assertions that "no one currently before this Court represents the interests of most of the anonymous Doe Defendants" and that, given its involvement in similar copyright infringement actions filed against anonymous defendants, it can offer the Court a "unique perspective." EFF Mot. 1-3. Plaintiff opposes EFF's motion, arguing that other courts have rejected the arguments in EFF's proposed brief and that this Court should deny the motion because EFF has "no unique information or perspective" that can help the Court in this case. Pl.'s Opp. to EFF's Mot., ECF No. 31, at 3, 5.

The Court concludes that EFF's proposed brief is helpful because it raises defendants' First Amendment right to anonymous speech, an issue not developed fully in the motions to quash filed by defendants nor discussed in the Magistrate Judge's December 21 Order.[1] Because defendants' "First Amendment rights must be considered before the Court allows the plaintiff[] to override the putative defendants' anonymity by compelling the production of these defendants' identifying information," the Court will grant EFF's motion for leave to file and consider EFF's

---

[1] <u>See</u> Mots. to Quash, ECF Nos. 19, 20, 21, 22, 36, 38; December 21 Order, ECF No. 18. One defendant argues in her motion to quash that her identity should not be revealed because the First Amendment protects her right to anonymous speech. Mot. to Quash, ECF No. 36, at 3. But in contrast to EFF's proposed brief, <u>see</u> Proposed Amicus Br., ECF No. 30-1, at 3-8 ("EFF Br."), defendant's motion does not develop her First Amendment argument in the context of this copyright infringement action based on BitTorrent file sharing, <u>see</u> Mot. to Quash, ECF No. 36, at 3-4.

First Amendment arguments.  See Call of the Wild Movie, LLC v. Does 1 – 1,062, 770 F. Supp. 2d 332, 350 (D.D.C. 2011).

## II.     Motion for Emergency Stay and Reconsideration

EFF asks this Court to stay and reconsider the December 21 Order and require that the sealed motions to quash remain under seal.  EFF argues that the December 21 Order did not consider defendants' First Amendment right to anonymous speech and, by requiring defendants to file their motions to quash publicly or withdraw their motions, erroneously foreclosed defendants from challenging the subpoenas on First Amendment grounds without revealing their identities. EFF Br. 3.

The First Amendment protects the right to speak anonymously, and this protection extends to anonymous speech on the Internet.  See Call of the Wild, 770 F. Supp. 2d at 348; Sinclair v. TubeSockTedD, 596 F. Supp. 2d 128, 131 (D.D.C. 2009).  But the First Amendment's protection is not absolute and does not extend to copyright infringement.  Call of the Wild, 770 F. Supp. 2d at 348-49 ("Copyright infringement is not protected by the First Amendment."); Sony Music Entm't Inc. v. Does 1 – 40, 326 F. Supp. 2d 556, 562-63 (S.D.N.Y. 2004); see also Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 555–57, 569 (1985).

EFF argues that First Amendment protection extends to anonymous file sharing using the BitTorrent protocol, even if such file sharing is alleged to infringe copyright.  EFF Br. 4. Because BitTorrent file sharing is, "on some level," expressive activity, the Court agrees that defendants are entitled to "some First Amendment protection of their anonymity."  Call of the Wild, 770 F. Supp. 2d at 349-50; see also Sony, 326 F. Supp. 2d at 564 ("Arguably, . . . a file sharer is making a statement by downloading and making available to others copyrighted music

without charge and without license to do so.  Alternatively, the file sharer may be expressing himself or herself through the music selected and made available to others.").

Here, however, where defendants' expressive activity is alleged to infringe plaintiff's copyright, defendants' First Amendment right to anonymity is "exceedingly small."  See Arista Records LLC v. Does 1 – 19, 551 F. Supp. 2d 1, 8 (D.D.C. 2008); see also In re Verizon Internet Servs., Inc., 257 F. Supp. 2d 244, 260 (D.D.C.) ("[T]he Court concludes for present purposes that there is some level of First Amendment protection that should be afforded to anonymous expression on the Internet, even though the degree of protection is minimal where alleged copyright infringement is the expression at issue."), rev'd on other grounds, Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc., 351 F.3d 1229, 1233 (D.C. Cir. 2003).

To determine whether defendants' motions to quash should remain under seal, the Court must weigh plaintiff's need for defendants' identities against defendants' limited First Amendment right to anonymous file sharing.  EFF argues that the Court should adopt the five-part test set forth in Dendrite Int'l, Inc. v. Doe No. 3, 775 A.2d 756, 760-61 (N.J. Super. Ct. App. Div. 2001).  EFF Br. 5-6.  But Dendrite concerned allegedly defamatory comments posted on an Internet bulletin board, not, as here, the "'less expressive act'" of file sharing using the BitTorrent protocol.  See Call of the Wild, 770 F. Supp. 2d at 351 n.7 (quoting Sony BMG Music Entm't v. Doe, No. 5:08-109, 2009 WL 5252606, at *7 n.14 (E.D.N.C. Oct. 21, 2009)).  Accordingly, like courts in this and other jurisdictions, the Court declines to apply the Dendrite test and instead applies the five-part test set forth in Sony Music Entertainment, Inc. v. Does 1 – 40, 326 F. Supp. 2d at 564-65, because it concludes that the Sony test is better suited to the file-sharing context than is the Dendrite test.  See Call of the Wild, 770 F. Supp. 2d at 350-51 & n.7 ("The First

Amendment interests implicated in defamation actions, where expressive communication is the key issue, is considerably greater than in file-sharing cases."); see also, e.g., Arista Records LLC v. Doe 3, 604 F.3d 110, 118-19 (2d Cir. 2010); Arista Records, 551 F. Supp. 2d at 8-9; London-Sire Records, Inc. v. Doe 1, 542 F. Supp. 2d 153, 164 & nn.12-13 (D. Mass. 2008).[2] The Sony test balances the following five factors: (1) the plaintiff's concrete showing of a prime facie claim of copyright infringement; (2) the specificity of the plaintiff's discovery request; (3) the absence of alternative means to gain the information sought; (4) the plaintiff's need for the information to advance its claim; and (5) the defendants' expectation of privacy.  326 F. Supp. 2d at 565.

Each of the Sony factors supports Magistrate Judge Facciola's conclusion that defendants may not proceed anonymously on their motions to quash.[3]

First, plaintiff has made a concrete showing of a prima facie claim of copyright infringement.  To establish copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).  Plaintiff has alleged that it holds "the pertinent exclusive rights under copyright in the United States" in the motion picture allegedly downloaded and distributed by defendants, and has given the copyright registration number for its motion picture.  Compl. ¶¶ 7, 10.  Plaintiff has further alleged that each defendant, without plaintiff's permission or consent, distributed its copyrighted motion picture to the public,

---

[2] In arguing for application of the Dendrite test here, EFF cites Sinclair v. TubeSockTedD, 596 F. Supp. 2d at 132.  EFF Br. 5.  In Sinclair, a defamation case, this Court discussed, but did not adopt, the Dendrite test.  Id.

[3] In this First Amendment context, however, this Court does not adopt the Fourth Amendment "reasonable expectation of privacy" test that Magistrate Judge Facciola applied in his December 21 Order.

7

"including by making available for distribution to others," in violation of plaintiff's exclusive rights of reproduction and distribution. Id. ¶ 12. Plaintiff has supported these allegations by listing the date and time of each allegedly infringing act and the IP address assigned at the time of each such act, id. Ex. A, and by submitting a declaration from technician Peter Hansmeier explaining the process of identifying defendants' allegedly infringing acts, Hansmeier Decl., ECF No. 3-1, at 5-8. Accordingly, plaintiff has made a prima facie showing of copyright infringement.

Second, plaintiff's discovery request is sufficiently specific to gain information needed to identify defendants "but no more." See London-Sire, 542 F. Supp. 2d at 178. The Court's order granting plaintiff leave to serve subpoenas on ISPs stated that such subpoenas could "seek information sufficient to identify each defendant, including name, address, telephone number, email address, and media access control address," and that "[a]ny information disclosed to Hard Drive in response to the Rule 45 subpoenas may be used by Hard Drive solely for the purpose of protecting its rights as set forth in the Complaint, and Hard Drive may not publicly disclose the names of the defendants." Order Granting Pl.'s Mot., ECF No. 4, at 2. Hence, plaintiffs' discovery request is appropriately limited in scope and usage.

Third, subpoenaing the ISPs appears to be the only way for plaintiff to obtain defendants' identities, because only the ISPs have records of the IP addresses assigned to users on the date and at the time of each allegedly infringing act. See Hansmeier Decl. ¶ 21 ("The only party from whom Plaintiff can discover a Defendant's actual name and address is the Defendant's Internet service provider.").

Fourth, without defendants' identifying information, plaintiff cannot name or serve process on defendants and hence cannot advance its claims of copyright infringement.  See id.

Fifth, as Magistrate Judge Facciola concluded in the December 21 Order, defendants have little expectation of privacy in their subscriber information that they have given to their ISPs. See December 21 Order, ECF No. 18, at 2 (citing United States v. Christie, 624 F.3d 558, 573 (3d Cir. 2010); Guest v. Leis, 255 F.3d 325, 335 (6th Cir. 2001); Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1 – 4,577, 736 F. Supp. 2d 212, 216 (D.D.C. 2010) ("[C]ourts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their Internet Service Providers.")); cf. Sony, 326 F. Supp. 2d at 566 (finding that defendants had "minimal expectation of privacy" because ISP's terms of service prohibited copyright infringement and warned users that law may require disclosure of their identifying information).  Moreover, as explained above, defendants' First Amendment right to anonymity is minimal in this setting.

Because each of the five Sony factors supports disclosure of defendants' identities, the Court finds that plaintiff's need for defendants' identities to pursue its copyright infringement claims outweighs defendants' First Amendment interests in anonymity.  Accordingly, EFF's motion for emergency stay and reconsideration will be denied, and all sealed motions to quash will be ordered unsealed.[4]

---

[4] EFF also argues that this Court should quash plaintiff's subpoenas to the ISPs and stay discovery based on lack of personal jurisdiction and improper joinder. EFF Br. 3, 8-17. However, these issues were properly decided by Magistrate Judge Facciola in his August 13, 2012 Memorandum Opinion and Order.  See Mem. Op., ECF No. 49; Order, ECF No. 50.  No review of that decision was sought from this Court, and hence this Court need not reach these issues at this time.

## CONCLUSION

For the foregoing reasons, EFF's motion for leave to file will be granted, EFF's motion for emergency stay and reconsideration will be denied, and all sealed motions to quash will be ordered unsealed. A separate Order accompanies this opinion.

/s/ John D. Bates<br>
JOHN D. BATES<br>
United States District Judge

Dated: <u>September 26, 2012</u>