**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-01741-JDB-JMF |
| ) | |
| DOES 1 – 1495, ) | |
| ) | |
| Defendants. ) | |

## **PLAINTIFF'S MOTION TO STRIKE NOTICE OF SUBMITTED MATTER**

Plaintiff Hard Drive Productions, Inc. respectfully moves the Court to strike the Amicus Curiae Electronic Frontier Foundation's ("EFF") Brief Requesting Reconsideration and Stay of the December 21 Order. (ECF No. 56.) Once again, the non-party EFF has submitted a filing in this case without first receiving leave from the Court's leave—an open violation of this Court's rules. *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) ("it is solely within the discretion of the Court to determine the fact, extent, and manner of participation by the amicus."). The Court should strike the EFF's brief for its continued disregard of proper procedure.

*Amicus curiae* briefs are sometimes disguised "attempts to inject interest-group politics" into the judicial process. *National Organization for Women v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000). This is exactly what the EFF is attempting to do here by continuing its efforts to further its radical anti-copyright political agenda. John Perry Barlow, *A Declaration of the Independence of Cyberspace* (Feb. 8, 1996), *available at* https://projects.eff.org/~barlow/Declaration-Final.html (last visited September 27, 2012) (EFF co-founder and Board of Director John Perry Barlow warning the "Governments of the Industrial

World" that "[y]our legal concepts of property, expression, identity, movement, and context do not apply to us.").

This is why nonparty special-interest organizations, such as the EFF, must receive a court's permission before filing documents. Other courts in this district have recently declined to allow the EFF to use the court system as a political platform. *See, e.g., AF Holdings LLC v. Does 1-1,058*, No. 12-00048 (D.D.C. Aug. 6, 2012), ECF No. 46 (rejecting the arguments made by the EFF and several other non-parties). This Court should do the same and deny the EFF's attempt to use this case as a platform to advance its anti-copyright political agenda.

This is the fourth filing by the EFF in this case. (ECF Nos. 30, 47, 51, 56.) In every instance the Court has rejected the EFF's arguments. (ECF Nos. 49, 50, 54, 55.) The court in *Scheidler* warned that *amicus curiae* briefs may create a "real burden on the court system." 223 F.3d at 616 (7th Cir. 2000). The Court should strike the EFF's brief to prevent the EFF from continuing to be a burden in this case.

Respectfully submitted,

HARD DRIVE PRODUCTIONS, INC.

**DATED:** September 28, 2012

By: /s/ Paul A. Duffy
PAUL A. DUFFY (D.C. Bar #IL0014)
Prenda Law Inc.
161 N. Clark Street, Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile: (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 28, 2012, all counsel of record who are deemed to have consented to electronic serve are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                                              /s/ Paul A. Duffy